Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani E. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIE BRAZELTON, an individual,

Plaintiff,

v.

CVS PHARMACY, INC., a Rhode Island Corporation; ANTHONY COLLIER, an individual; and DOES 1 - 100, inclusive;,

Defendants.

Case No. 2:20-cv-10604-DSF-AGR

**Hon. Dale S. Fischer**

**DEFENDANT CVS PHARMACY, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: Hon. Dale S. Fischer
Date: April 11, 2022
Time: 1:30 p.m.
Crtrm.: 7D

Trial Date: Julv 19. 2022

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 11, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dale S. Fischer, Courtroom 7D, located in the United States Courthouse, 350 West 1st Street, Los Angeles, California, Defendant CVS Pharmacy, Inc. ("Defendant") will and hereby does move this Court for summary judgment, or partial summary judgment, against Plaintiff Julie Brazelton ("Plaintiff"). Defendant seeks summary judgment against Plaintiff based on the following noticed issues:

**Noticed Issue No. 1:** Plaintiff's first cause of action for disability discrimination fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot identify evidence of a discriminatory motive in CVS's decision to extend Plaintiff's leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

**Noticed Issue No. 2:** Plaintiff's first cause of action for disability discrimination fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-discriminatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional discrimination.

**Noticed Issue No. 3:** Plaintiff's second cause of action for age discrimination fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot establish a causal link between her age and CVS's decision to extend Plaintiff's

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

**<u>Noticed Issue No. 4</u>:** Plaintiff's second cause of action for age discrimination fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-discriminatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional discrimination.

**<u>Noticed Issue No. 5</u>:** Plaintiff's fourth cause of action for CFRA interference fails as a matter of law because Plaintiff cannot establish that CVS interfered with or denied Plaintiff's right to CFRA leave.

**<u>Noticed Issue No. 6</u>:** Plaintiff's fifth cause of action for retaliation fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot identify evidence of a retaliatory motive in CVS's decision to extend Plaintiff's leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

**<u>Noticed Issue No. 7</u>:** Plaintiff's fifth cause of action for retaliation fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-retaliatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional retaliation.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**<u>Noticed Issue No. 8</u>:** Plaintiff's sixth cause of action for CFRA retaliation fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot identify evidence of a retaliatory motive in CVS's decision to extend Plaintiff's leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

**<u>Noticed Issue No. 9</u>:** Plaintiff's sixth cause of action for CFRA retaliation fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-retaliatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional retaliation.

**<u>Noticed Issue No. 10</u>:** Plaintiff's seventh cause of action for failure to prevent discrimination and retaliation fails as a matter of law because Plaintiff cannot establish that she was subjected to discrimination and/or retaliation.

**<u>Noticed Issue No. 11</u>:** Plaintiff's eighth cause of action for failure to engage in a good faith interactive process fails as a matter of law because Plaintiff cannot establish that CVS refused to participate in a good-faith interactive process to determine whether Plaintiff's alleged disability could be accommodated.

**<u>Noticed Issue No. 12</u>:** Plaintiff's ninth cause of action for failure to accommodate fails as a matter of law because Plaintiff cannot establish that CVS refused to accommodate a known disability.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**<u>Noticed Issue No. 13</u>:** Plaintiff's thirteenth cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law because Plaintiff has failed to prove the existence of an employment contract between her and CVS.

**<u>Noticed Issue No. 14</u>:** Plaintiff's thirteenth cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law because Plaintiff's employment with CVS was "at-will."

**<u>Noticed Issue No. 15</u>:** Plaintiff's fourteenth cause of action for constructive discharge fails as a matter of law because CVS did not coerce or force Plaintiff's resignation in that the alleged conditions which prompted resignation were not sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job.

**<u>Noticed Issue No. 16</u>:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that any actions taken with respect to her employment were taken with fraud, malice, or oppression.

**<u>Noticed Issue No. 17</u>:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that any wrongful conduct, if any occurred, was on the part of an officer, director, or managing agent of Defendant.

This Motion is made pursuant to Federal Rule of Civil Procedure 56 and is based on this Notice of Motion; the Memorandum of Points and Authorities; the Separate Statement of Uncontroverted Facts and Conclusions of Law; the Declarations of Christine Arsenault, Anthony Collier, Lynne Dupont, Brian Salvas, Behnush Mortimer, Ph.D., and Leilani Jones; the pleadings, files, and records in this

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 4, 2022, and on March 7, 2022.

DATED: March 14, 2022

PAYNE & FEARS LLP

By: */s/ Leilani E. Jones*
DANIEL F. FEARS
ANDREW K. HAEFFELE
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 5

II. STATEMENT OF FACTS ..... 6

A. Plaintiff's Employment with CVS ..... 6

1. The Pharmacy Technician Position ..... 7

2. CVS's WeCARE Workflow process. ..... 7

B. CVS's Accommodation Policies ..... 8

1. From March 2016 through January 2019, CVS engaged Plaintiff in the interactive process and approved approximately three years of continuous medical leave. ..... 9

2. Plaintiff has remained injured, and presently unable to work in a physically demanding position, since her termination. ..... 12

III. LEGAL ANALYSIS ..... 13

A. Plaintiff's Eighth Cause of Action for Failure to Engage in the Interactive Process and Ninth Cause of Action for Failure to Accommodate Fail as a Matter of Law ..... 13

1. Plaintiff cannot establish her eighth cause of action because Plaintiff, not CVS, is responsible for the breakdown in the interactive process. ..... 14

2. Plaintiff cannot establish her ninth cause of action because CVS continuously accommodated Plaintiff for *three years* by approving 100% of her LOA requests. ..... 14

B. Plaintiff's First Cause of action for Disability Discrimination, Second Cause of Action for Age Discrimination, Fifth Cause of action for FEHA Retaliation, and Sixth Cause of Action for CFRA Retaliation Fail as a Matter of Law ..... 16

1. Plaintiff cannot establish the third *prima facie* element of her discrimination or retaliation claims because she cannot offer any evidence of CVS's discriminatory motive behind extending her LOA (instead of prematurely returning her to work). ..... 16

2. CVS had a legitimate, non-discriminatory, non-retaliatory reason for not returning Plaintiff to work, and instead extending her LOA. ..... 18

3. Plaintiff cannot establish that the legitimate reasons offered by CVS were actually false and a cover up/pretext. ..... 19

**TABLE OF CONTENTS**
**(Continued)**

**Page**

C. Plaintiff's Fourteenth Cause of Action for Constructive Discharge Fails as a Matter of Law ..... 22

D. Plaintiff's Fourth Cause of Action for CFRA Interference Fails as a Matter of Law ..... 24

E. Plaintiff's Thirteenth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law ..... 24

F. Plaintiff's Seventh Cause of Action for Failure to Prevent Discrimination and Retaliation Fails as a Matter of Law ..... 25

IV. PUNITIVE DAMAGES ..... 26

V. CONCLUSION ..... 27

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adetuyi v. City & Cty. of San Francisco*,
63 F. Supp. 3d 1073 (N.D. Cal. 2014) ... 30

*Blincow v. MillerCoors, LLC*,
No. 2: 16-cv-01771, 2018 WL 3869162 (E.D. Cal. Aug. 15, 2018) ... 30

*Bodett v. CoxCom, Inc.*,
366 F.3d 736 (9th Cir. 2004) ... 22

*Brown v. City of Oakland*,
No. A157706, 2020 WL 5051423 (Cal. Ct. App. Aug. 27, 2020) ... 20

*Bryant v. OptumRX Pharmacy, Inc.*,
2017 WL 5891054 (C.D. Cal. Feb. 21, 2017), *aff'd sub nom. Bryant v. Unitedhealth Grp., Inc.*, 744 F. App'x 488 (9th Cir. 2018) ... 26

*Cohen v. Fred Meyer, Inc.*,
686 F.2d 793 (9th Cir. 1982) ... 21

*Cooper v. United Air Lines, Inc.*,
82 F. Supp. 3d 1084 (N.D. Cal. 2015) ... 25

*Davis v. California Guardian, Inc.*,
No. B294819, 2020 WL 7350752 (Cal. Ct. App. Dec. 15, 2020) ... 19, 20

*Day v. Sears Holdings Corp.*,
930 F. Supp. 2d 1146 (C.D. Cal. 2013) ... 21

*Diego v. City of L.A.*,
15 Cal. App. 5th 338 (2017) ... 24

*Dokes v. Safeway, Inc.*,
No. 2:15–cv–01157, 2018 WL 1518562 (E.D. Cal. Mar. 28, 2018) ... 21

*Engel v. Time Warner Cable*,
No. EDCV19074PSGKKX, 2020 WL 2114933 (C.D. Cal. Jan. 30, 2020) ... 20

*Faust v. Cal. Portland Cement Co.*,
150 Cal. App. 4th 864 (2007) .......... 21

*Featherstone v. S. Cal. Permanente Med. Grp.*,
10 Cal. App. 5th 1150 (2017) .......... 25

*Gunther v. Washington County*,
623 F.2d 1303 (9th Cir. 1979) .......... 21

*Guz v. Bechtel Nat'l Inc.*,
24 Cal.4th 317 (2000) .......... 20, 22, 24

*Haqq v. Stanford Hosp. & Clinics*,
No. C 06-05444 JW, 2008 WL 11459633 (N.D. Cal. Aug. 13, 2008) .......... 28

*Harris v. City of Santa Monica*,
56 Cal.4th 203 (2013) .......... 20

*Holmes v. Petrovich Dev. Co., LLC*,
191 Cal. App. 4th 1047 (2011) .......... 27

*Horn v. Cushman & Wakefield W., Inc.*,
72 Cal. App. 4th 798 (1999) .......... 29

*Jersey v. John Muir Med. Ctr.*,
97 Cal. App. 4th 814 (2002) .......... 29

*King v. United Parcel Servs., Inc.*,
152 Cal. App. 4th 426 (2007) .......... 24

*Knappenberger v. City of Phoenix*,
566 F.3d 936 (9th Cir. 2009) .......... *passim*

*Kobren v. Total Terminals Int'l, LLC*,
No. CV 19-9189-GW-GJSX, 2021 WL 2376918 (C.D. Cal. Jan. 19, 2021) .......... 10

*Latham v. Cambria Co. LLC*,
2017 WL 125013 (C.D. Cal. 2017) .......... 18

*Loggins v. Kaiser Permanente Int'l*,
151 Cal. App. 4th 1102 (2007) .......... 21, 24

*Martin v. Lockheed Missiles & Space Co.*,
29 Cal. App. 4th 1718 (1994) .......... 23

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) .......... 5, 6, 20

*Merrick v. Hilton Worldwide, Inc.*,
867 F.3d 1139 (9th Cir. 2017) .......... 24, 25

*Morgan v. Regents of Univ. of Cal.*,
88 Cal. App. 4th 52 (2000) .......... 21

*Mullins v. Rockwell Int'l Corp.*,
15 Cal.4th 731 (1997) .......... 26

*Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*,
166 Cal. App. 4th 952 (2008) .......... 17

*Nealy v. City of Santa Monica*,
234 Cal. App. 4th 359 (2015) .......... 19

*Nicholson v. Hyannis Air Serv., Inc.*,
580 F.3d 1116 (9th Cir. 2009) .......... 24, 25

*Richey v. AutoNation, Inc.*,
60 Cal.4th 909 (2015) .......... 28

*Sada v. Robert F. Kennedy Med. Ctr.*,
56 Cal. App. 4th 138 (1997) .......... 25

*Scott v. Phoenix Sch., Inc.*,
175 Cal. App. 4th 702 (2009) .......... 30

*Slatkin v. Univ. of Redlands*,
88 Cal. App. 4th 1147 (2001) .......... 21

*Soria v. Univision Radio Los Angeles, Inc.*,
5 Cal. App. 5th 570 (2016) .......... 28

*Swanson v. Morongo Unified School Dist.*,
232 Cal. App. 4th 954 (2014) .......... 17, 18

*Trujillo v. North County Transit Dist.*,
63 Cal. App. 4th 280 (1998) .......... 29

*Tunnel v. Powell*,
219 F. Supp. 2d 230 (N.D. Cal. 2002) .......... 25

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1239 (1994), *abrogated on other grounds by Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479 (1996) ....................26

*University of Southern California v. Superior Court*, 222 Cal. App. 3d 1028 (1990) ....................23

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002) ....................22

*Williams v. Lorenz*, No. 15-CV-04494-BLF, 2018 WL 4003455 (N.D. Cal. Aug. 22, 2018) ....................28

*Zeinali v. Raytheon Co.*, 636 F.3d 544 (9th Cir. 2011) ....................22

**Statutes**

CAL. CIV. CODE § 3294 ....................30

Cal. Gov't Code § 12940 ....................17

Cal. Lab. Code § 2922 ....................29

**Other Authorities**

Federal Rule of Civil Procedure 56 ....................7

Local Rule 7-3 ....................8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# I. INTRODUCTION

From March 2016 to May 2018, Plaintiff Julie Brazelton was prohibited by her treating physician from performing work of any kind ("no, the employee cannot do any work"). During this period, CVS accommodated Plaintiff with twenty-six months of continuous leave.

From May 2018 to December 2018, Plaintiff was medically restricted from performing most of the essential functions of her Pharmacy Technician position ("unable to stand or walk for more than 30 mins"/"must sit/stand at will"). During this eight-month period, CVS continued to accommodate Plaintiff by extending her leave of absence ("LOA").

In December 2018, CVS's Reasonable Accommodation Department ("RA Dept") informed Plaintiff, via telephone, that (1) there may be an opportunity in the near future to return Plaintiff to work in a newly opened store, and (2) CVS was extending her LOA to January 19, 2019, to provide time to seek clarification from Plaintiff's treating physician regarding the stand/walk limitation. ***However***, two days before her leave expired, Plaintiff resigned her employment ("I hereby tender my resignation effective February 1, 2019").

Plaintiff now claims, by way of this lawsuit, that CVS should have returned her to work, despite her *significant* physical restrictions. She asserts claims for disability discrimination/retaliation, failure to accommodate/engage in the interactive process, and constructive discharge. For several reasons, none of her claims withstand scrutiny.

First, the interactive process timeline set forth below is supported by Plaintiff's own words and the instructions of her treating physicians. The authenticity of this evidence is not in dispute.

Second, the undisputed evidence shows that (1) from March 2016 to May 2018, CVS accommodated Plaintiff with twenty-six months of continuous leave, (2) from May 2018 to January 2019, CVS continued to accommodate Plaintiff by

extending her LOA, and (3) CVS's decision to keep Plaintiff on leave was made solely because she was precluded—by her treating physician—from performing the physical duties of the Pharmacy Technician position.

Third, during her deposition, Plaintiff admitted that she resigned her employment because of her Union's rule regarding retirement benefits:

> [T]he reason I [resigned] before I heard back from [the] reasonable accommodation department is because I was on a timetable … if I hadn't retired in February, I would have lost my medical benefits[.]

(Uncontroverted Fact ("UF") 30.) But as a matter of law, where allegedly discriminatory decisions stem from the Union and its rules—not the company—courts in this district have held that an employee does not have a viable FEHA claim again her employer. *See, e.g., Kobren v. Total Terminals Int'l, LLC*, No. CV 19-9189-GW-GJSX, 2021 WL 2376918, at *7 (C.D. Cal. Jan. 19, 2021); *see also Knappenberger v. City of Phoenix*, 566 F.3d 936, 938 (9th Cir. 2009).

CVS respectfully requests that the Court grant this Motion and dismiss Plaintiff's first, second, fourth, fifth, sixth, seventh, eighth, ninth, thirteenth, and fourteenth causes of action.[1]

## II. <u>STATEMENT OF FACTS</u>

### A. <u>Plaintiff's Employment with CVS</u>

Plaintiff began her CVS employment in June 2006 as a Pharmacy Technician at CVS's Whittier, California location ("Store 9512"). (UF 1). Plaintiff worked at Store 9512 for the next 13 years until February 1, 2019, when she resigned. (*Id.*)

During her employment, Plaintiff was a member of the United Food and Commercial Workers Union, Local 324 (the "Union"). (UF 2.) The terms and conditions of her employment were governed by the collective bargaining agreement ("CBA") entered into between the Union and CVS. (*Id.*)

[1] On March 12, 2022, Plaintiff dismissed her third, tenth, eleventh, twelfth, and fifteenth causes of action. (*See* ECF No. 22.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**1. The Pharmacy Technician Position**

At CVS, Pharmacy Technicians are expected to manage all assigned pharmacy workstations and tasks to support the pharmacy team's ability to promptly, safely, and accurately fill patient prescriptions in a "fast-paced work environment." (UF 3.) The Pharmacy Technician position is physically demanding and requires constant movement. The physical requirements include:

- Remaining upright on feet for sustained periods of time.
- Moving about on foot to accomplish tasks, moving from one work area to another.
- Picking, pinching, typing or otherwise working primarily with fingers rather than whole hand or arm.
- Extending hand(s) and arm(s) in any direction.
- Bending body downward and forward by bending spine at the waist.
- Stooping to a considerable degree and requiring full use of the lower extremities and back muscles.
- Occasional lifting of up to 30 lbs. and exerting up to 30 lbs. of force.
- Frequently exerting up to 10 lbs. of force. (*Id.*)

Similarly, the essential functions of the Pharmacy Technician position are predominantly physical. They include: (1) standing at production stations; (2) manning the cash register; (3) moving between production station and the cash register on demand; (4) providing assistance to customers at drop-off or pick-up; (5) picking up and moving product from station to station; and (6) accessing, storing, or inventorying product on shelves. (UF 4.)

**2. CVS's WeCARE Workflow process.**

In 2012, CVS developed and implemented its WeCARE workflow operating process (the "WCW Process"). (UF 5.) The WCW Process was in effect throughout the relevant period of this lawsuit (2016 - 2019) and was utilized in all retail pharmacies throughout the country (including the Pharmacy in CVS Store # 9512). (*Id.*) The WCW Process is still utilized today. (*Id.*)

Among other objectives, the WCW Process operates to maximize efficiency

and customer service by rotating pharmacy staff throughout a multi-workstation facility based on the hour-by-hour needs of the pharmacy. (UF 6.)

CVS pharmacies typically have five primary workstations: drop off, pick-up, drive-thru, quality assurance, and production. (UF 7.) During the Relevant Period of this lawsuit, the WCW Process was facilitated via the "workstation assignment board," which was used throughout the workday to notify pharmacy team members of their primary responsibility assignments, secondary responsibility assignments, and off-station tasks. (*Id.*) The WCW Process requires colleagues at any one workstation to balance both customer facing and non-customer facing tasks. (UF 8.) For the WCW Process to work properly, all team members must be able to rotate throughout all workstations and balance the requisite tasks of each workstation. (*Id.*) Team members must be mobile and able to quickly pivot from one task in one location to another task in another location. (*Id.*)

**B. <u>CVS's Accommodation Policies</u>**

CVS offers a variety of accommodation options for injured and disabled employees, work environment adjustments, job duty modifications, and LOAs. (UF 9.) Accommodation and LOA requests are handled directly and exclusively through CVS's Reasonable Accommodation department ("RA Dept.") and Leave of Absence department ("LOA Dept.") at CVS's Rhode Island headquarters. (UF 10.)

Accommodation requests are submitted, documented, and accommodated through a multistep process. (UF 11.) First, the requesting employee initiates the request via CVS's myHR portal/myHR Hotline. (*Id.*). Once the request is initiated, CVS's RA Dept./LOA Dept. mails/emails a standard letter, which includes information, instructions, relevant forms, and medical certification paperwork. (*Id.*). The letter also directs the employee to submit all certifications and supporting documentation directly to the RA Dept./LOA Dept., and provides a deadline. (*Id.*).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**1. <u>From March 2016 through January 2019, CVS engaged Plaintiff in the interactive process and approved approximately three years of continuous medical leave.</u>**

<u>Leave of Absence Case No. 170073</u>

In March 2016, Plaintiff requested a three-month continuous LOA. CVS approved Plaintiff's request through June 14, 2016. (UF 12.)

In June 2016, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through September 15, 2016. (UF 13.)

In September 2016, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through December 11, 2016. (UF 14.)

<u>Leave of Absence Case No. 216069</u>

In December 2016, Plaintiff requested twelve-month extension of her leave. (UF 15.) CVS approved Plaintiff's request through December 20, 2017. (*Id.*)

In December 2017, Plaintiff requested seven-week extension of her leave. (UF 16.) CVS approved Plaintiff's request through February 8, 2018. (*Id.*)

<u>Leave of Absence Case No. 285210</u>

In February 2018, Plaintiff requested a two-month extension of her leave. CVS approved Plaintiff's request through March 30, 2018. (UF 17.)

In March 2018, Plaintiff requested a five-week extension of her leave. CVS approved Plaintiff's request through May 3, 2018. (UF 18.)

In June 2018, Plaintiff requested an eight-week extension of her leave. CVS approved Plaintiff's request through June 26, 2018. (UF 19.)

In August 2018, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through October 5, 2018. (UF 20.)

In December 2018, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through January 8, 2019. (UF 21.)

<u>Reasonable Accommodation Case No. 660165</u>

On May 2, 2018, Plaintiff was evaluated by her treating physician (Dr.

Signorelli) and placed on the following restrictions: "sit/stand at will for pain" (the "May 2018 Restrictions") (UF 22.) Plaintiff subsequently submitted a Reasonable Accommodation Questionnaire ("RAQ") to CVS's RA Dept, listing the May 2018 Restrictions. (*Id.*)

Thereafter, Reasonable Accommodate Partner ("RA Partner") Christine Arsenault engaged Plaintiff and Plaintiff's District Leader to determine whether the May 2018 Restrictions could be accommodated:

May 10, 2018:

> Left message for employee to advise I need more specifics on the sitting and standing. How often would she need to sit, can[not] proceed with the request until we can determine what is needed to determine if business can support.

May 14, 2018:

> Spoke with employee … and let her know I need frequency for the sitting. Employee goes to PT on Tuesday and at that time she will talk to the doctor on clarifying the sitting restriction.

May 30, 2018:

> Spoke to leader and the business is not able to accommodate the sitting every other hour in the RX area. Recommendation is the employee remaining on LOA until next appointment on 6/27/2018. (*See* UF 23.)

Reasonable Accommodation Case No. 710146

On June 27, 2018, Plaintiff was evaluated by Dr. Signorelli and placed on the following restrictions: "take breaks as needed" (the "June 2018 Restrictions") (UF 24.) Plaintiff subsequently submitted an RAQ to CVS's RA Dept, listing the June 2018 Restrictions. (*Id.*)

Thereafter, RA Partners Tracy Sullivan and Christine Arsenault engaged Plaintiff and Plaintiff's treating physician to determine whether the June 2018 Restrictions could be accommodated:

July 17, 2018:

> spoke with EE regarding RAQ, EE said Dr is in office every other Wednesday
>
> EE said Dr said that EE can take breaks - requested clarification

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

> EE has had 4 surgeries - does not know what the doctor wants

<u>July 24, 2018</u>:

> spoke with EE - EE has office visit 7/25/18
>
> adv EE that take breaks as needed needs clarification

<u>July 25, 2018</u>:

> Spoke to EE and the doctor's appointment that was scheduled today as been cancelled, doctor will not be in the office today. Office will be calling the EE to reschedule.

<u>July 31, 2018</u>:

> Spoke to EE and let her know the [doctor's] office stated it was up to the EE on what she needs for breaks. EE stated that she called the office yesterday to get her appointment rescheduled from them canceling it last week. EE was told that the Doctor is no longer with the company and has opened his own practice, being WKC EE is unsure if she can continue to see this doctor they may need to get her a new one. (*See* UF 25.)

<u>Reasonable Accommodation Case No. 775102</u>

On October 24, 2018, Plaintiff was evaluated by her new treating physician (Dr. Zenia E. Cortes) and placed on the following restrictions: "unable to stand or walk for more than 30 mins"; "must sit/stand at will" (the "October 2018 Restrictions") (UF 26.) On November 6, 2018, Plaintiff submitted an RAQ to CVS's RA Dept, listing the October 2018 Restrictions. (*Id.*)

Thereafter, RA Partners Tracy Sullivan and Lynne DeGuilio (Dupont) engaged Plaintiff and Plaintiff's District Leader to determine whether the October 2018 Restrictions could be accommodated:

<u>November 26, 2018</u>:

> spoke w EE, agrees with medical note and combination of RAQ
>
> EE has changed Drs and direction has changed
>
> EE believes unable to stand or walk greater than 30 mins at time
>
> EE must sit/stand at will
>
> EE foresees not being able to do production, constant twisting and turning of foot

<u>December 3, 2018</u>:

> spoke to [Anthony Collier] … 24/7 high volume [pharmacy]
>
> techs are constantly moving; would not be able to accommodate the 30 minute period indicated; states that if this was increased to 60-90 minutes would be more viable

states techs need to be mobile, need to be able to move for large portion of shift

DL also states that clarification will be needed on how much time sitting would be needed during work flow, to see what this would look like

states just opened the Brea store, this may be possibility down the road, when restrictions have been updated; "accommodate until 1/19/19

December 3, 2018

called EE at 562/xxx-xxxx

advise[d] EE that there may be opportunities for EE to rtw, consecutive leave extended until 1/9/19

advise[d] EE RAQ would need to clarify how much time would be needed for sitting, also advise[d] if 30 minute period were to be extended to 60-90 min period, rtw would be more viable (*See* UF 27.)

Reasonable Accommodation Case No. 846598

On January 9, 2019, Plaintiff was evaluated by Dr. Cortes and placed on the following restrictions: "unable to stand/walk for more than 30 mins" (the "January 2019 Restrictions") (UF 28.) ***However***, on January 17, 2019, *before* the CVS's RA Dept has an opportunity to review the January 2019 Restrictions, Plaintiff submitted a letter, resigning her employment "effective February 1, 2019." (UF 29.)

**2. Plaintiff has remained injured, and presently unable to work in a physically demanding position, since her termination.**

From the date of her resignation, through the end of 2021, Plaintiff was evaluated in June 2019, November 2019, November 2020, and October 2021:

- June 5, 2019: prohibited from standing or walking more than four hours per shift; one 15-minute break every hour. (UF 31.)
- November 12, 2019: prohibited from standing or walking more than four hours per shift; one 15-minute break every hour. (UF 32.)
- November 10, 2020: prohibited from standing or walking more than four hours per shift; one 15-minute break every hour. (UF 33.)
- October 4, 2021: limited to 30 minutes of standing and walking per shift; use stool to sit or stand at will. (UF 34.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## III. LEGAL ANALYSIS

### A. Plaintiff's Eighth Cause of Action for Failure to Engage in the Interactive Process and Ninth Cause of Action for Failure to Accommodate Fail as a Matter of Law

CVS begins it analysis with Plaintiff's eighth and ninth causes of action because of their relevance to the analysis of Plaintiff's remaining claims. Because of their related nature the claims are discussed together below.

The FEHA requires employers–under threat of civil action if noncompliant–to make reasonable accommodations for known disabilities of employees to enable them to perform the essential functions of their positions, unless doing so would produce an undue hardship to business operations. *See* Cal. Gov't Code § 12940(m)(1) ("fail[ure of an employer] to make reasonable accommodation for the known physical or mental disability of an...employee" is an "unlawful employment practice," excepting accommodations that would "produce undue hardship").

Connected with the reasonable accommodation duty is the FEHA's mandate that an employer engage in the "interactive process" or else face a charge of a different, but related, "unlawful employment practice." *See* Cal. Gov't Code § 12940(n) (providing that it is an "unlawful employment practice" for an employer "to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee . . . with a known physical or mental disability or known medical condition").

"[T]he interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identify[ing] an accommodation that allows the employee to perform the job effectively." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984 (2008) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000)).

"Liability hinges on the objective circumstances surrounding the parties'

breakdown in communication, and responsibility for the breakdown lies with the party who fails to participate in good faith." *Swanson v. Morongo Unified School Dist.*, 232 Cal. App. 4th 954, 971-72 (2014).

Here, Plaintiff's eighth cause of action for failure to engage in the interactive process and ninth cause of action for failure to accommodate both fail as a matter of law.

**1. <u>Plaintiff cannot establish her eighth cause of action because Plaintiff, not CVS, is responsible for the breakdown in the interactive process.</u>**

Section II(B)(1), above, outlines a multi-year interactive timeline comprised of *ten* lengthy leaves of absence, totaling three years of continuous leave. Indeed, CVS approved 100% of Plaintiff's LOA requests. There is simply no evidence of a breakdown on the part of CVS because CVS's interactive process efforts were frequent and consistent, and remained consistent through the date of her voluntary resignation. In fact, during her deposition, Plaintiff testified: "I [resigned] before I heard back from them -- [the] reasonable accommodation department." (UF 30.)

Accordingly, Plaintiff cannot, as a matter of law, establish her claim because "[l]iability hinges on the objective circumstances surrounding the parties' breakdown in communication, and responsibility for the breakdown lies with the party who fails to participate in good faith." *Swanson v. Morongo Unified School Dist.*, 232 Cal. App. 4th 954, 971-72 (2014). Here, the responsibility lies with Plaintiff. When she resigned her employment, she ended the interactive process.

**2. <u>Plaintiff cannot establish her ninth cause of action because CVS continuously accommodated Plaintiff for *three years* by approving 100% of her LOA requests.</u>**

To establish the *prima facie* elements of a reasonable accommodation claim, a plaintiff must offer evidence sufficient to show: (1) that she had a disability covered by the FEHA, (2) that with reasonable accommodations, she would have been able

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

to perform the essential functions of the relevant position, and (3) that her employer failed/refused to provide such accommodations. *Latham v. Cambria Co. LLC*, 2017 WL 125013, at *7 (C.D. Cal. 2017) citing *Scotch v. Art Inst. of Calif.*, 173 Cal. App. 4th 986, 1009–10 (2009). Importantly, "reasonable accommodations" do not include removing or eliminating essential functions. *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 375 (2015) ("elimination of an essential function is not a reasonable accommodation."). Here, the failure to accommodate claim fails for several reasons.

First, as explained in Section II(A)(2), and in the declarations of CVS's WeCARE Workflow Process subject matter expert, Brian Salvas, and vocational expert Behnush Mortimer, Ph.D., Plaintiff was not physically able to perform the essential functions of the Pharmacy Technician position and was not physically able to work within CVS's WeCARE Workflow Process. (UF 5-8, 27.)

Second, as outlined in Section II(B), to provide Plaintiff time to recover from her injuries and determine whether—with time—she would regain the ability to perform the essential functions of the Pharmacy Technician position, CVS accommodated Plaintiff's injuries with ten consecutive leaves of absence. Unfortunately, three years later, Plaintiff remained physically unable to perform the essential functions of her position. At that point, the only potential accommodation option was an extension of Plaintiff's LOA -- an LOA that had already reached *thirty-four* continuous months. And yet, CVS approved the extension to late-January 2019. But on January 17, 2019, *before* the expiration of her leave and *before* she submitted CVS's the RA Dept had an opportunity to consider her updated restrictions, Plaintiff resigned her employment.

Third, as a matter of law, the above scenario cannot give rise to liability. *Davis v. California Guardian, Inc.*, No. B294819, 2020 WL 7350752, at *9 (Cal. Ct. App. Dec. 15, 2020). The *Davis* decision is particularly instructive.

In *Davis*, the plaintiff was "permitted to take off all the time he felt he needed to recover from his injury." *Id*. But even with the lengthy LOA, the plaintiff

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

remained "physically unable to do the pipefitter's job for which he was hired …" *Id.* Citing *Nadaf-Rahrov v. Neiman Marcus Group*,[2] the *Davis* court granted summary judgment, reasoning that the inability to accommodate an employee "gives rise to liability only if a reasonable accommodation existed." *Id.*

Like *Davis*, the Plaintiff here was "permitted to take off all the time [s]he felt [s]he needed to recover from [her] injury." And like *Davis*, Plaintiff remained physically unable to perform the functions of her Pharmacy Technician position.[3]

For the reasons explained above, the Court should grant CVS's motion as to Plaintiff's eighth and ninth causes of action.

**B. Plaintiff's First Cause of action for Disability Discrimination, Second Cause of Action for Age Discrimination, Fifth Cause of action for FEHA Retaliation, and Sixth Cause of Action for CFRA Retaliation Fail as a Matter of Law**

At the summary judgment stage, absent direct evidence of an intent to discriminate (or retaliate) based upon a protected characteristic, a plaintiff must proceed by way of the burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 354 (2000); *Harris v. City of Santa Monica*, 56 Cal.4th 203, 214 (2013). At step one, the plaintiff has the initial burden of offering evidence sufficient to support the *prima facie* elements of her claim(s).

**1. Plaintiff cannot establish the third *prima facie* element of her discrimination or retaliation claims because she cannot offer any evidence of CVS's discriminatory motive behind extending**

[2] 166 Cal.App.4th 952, 980 (2008).

[3] *See also Brown v. City of Oakland,* No. A157706, 2020 WL 5051423, at **7, 13 (Cal. Ct. App. Aug. 27, 2020); *Engel v. Time Warner Cable*, No. EDCV19074PSGKKX, 2020 WL 2114933, at *5-6 (C.D. Cal. Jan. 30, 2020).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**<u>her LOA (instead of prematurely returning her to work)</u>.**

To meet her initial *prima facie* burden for discrimination, Plaintiff must offer evidence sufficient to show: that (1) she was a member of a protected class (here, age and disability), (2) she was competently performing her job duties, and (3) she suffered an adverse employment action because of her protected status. *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 866 (2007) ("Plaintiff must show he was subjected to an adverse employment action because of his disability."); *Slatkin v. Univ. of Redlands*, 88 Cal. App. 4th 1147, 1158 (2001). To meet her *prima facie* burden for retaliation, Plaintiff must offer evidence sufficient to show: that (1) she engaged in a protected activity, (2) she was subjected to a material adverse employment action, and (3) a causal link between the protected activity and the adverse employment action. *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1109 (2007). Here, Plaintiff cannot establish that CVS took any action against her because of her age, disability, or any alleged protected activity.

As a matter of law, evidence of a discriminatory or retaliatory motive is <u>required</u> to establish the third *prima facie* element of either cause of action. In other words, Plaintiff must put forth evidence that – by accommodating Plaintiff with a leave extension instead of returning her to work prematurely – CVS acted with a discriminatory or retaliatory motive. *Dokes v. Safeway, Inc.,* No. 2:15–cv–01157, 2018 WL 1518562 (E.D. Cal. Mar. 28, 2018) *citing Slatkin, supra,* 88 Cal App. 4th at 1158. ("Under FEHA, a plaintiff must show the employer acted with a discriminatory motive . . . by showing that circumstances surrounding the adverse action give rise to an inference of discrimination."); *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1161 (C.D. Cal. 2013) (A plaintiff "must prove by a preponderance of the evidence that there was a causal connection between her protected status and the adverse employment decision."); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 70 (2000) ("[e]ssential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected

activity.”); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982); *Gunther v. Washington County*, 623 F.2d 1303, 1316 (9th Cir. 1979).

As explained in Section II(B) above, CVS’s decision extend Plaintiff’s LOA, instead of prematurely returning her to work (while she was still unable to perform the physical functions of her position), was based 100% on the advice of her doctors. Accordingly, because Plaintiff cannot establish the third, required *prima facie* element of her discrimination or retaliation claims, Plaintiff’s first, second, fifth, and sixth causes of action fail at step one of the burden-shifting paradigm.

**2. <u>CVS had a legitimate, non-discriminatory, non-retaliatory reason for not returning Plaintiff to work, and instead extending her LOA.</u>**

If Plaintiff succeeds in proving her *prima facie* case, the burden shifts to CVS to articulate legitimate, nondiscriminatory, nonretaliatory reasons for the alleged adverse action. *See Guz*, 24 Cal. 4th at 355-56; *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011).

Legitimate reasons in this context are reasons that are facially unrelated to prohibited bias, and therefore, if true, would preclude a finding of discrimination or retaliation. *See Guz,* 24 Cal. 4th at 358. An employer’s reasons, if honestly-believed and non-discriminatory/retaliatory on their face, may preclude a finding of discrimination/retaliation, even if such reasons are “foolish or trivial or baseless.” *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *Guz*, 24 Cal. 4th at 358 (“[I]f nondiscriminatory, Bechtel’s true reasons need not necessarily have been wise or correct. While the objective soundness of an employer’s proffered reasons supports their credibility . . . , the ultimate issue is simply whether the employer acted with a motive to discriminate illegally.”).

In other words, “a defendant meets its resulting burden of production” at this second step “by introduc[ing] evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory [and nonretaliatory] reason for the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

adverse action." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (emphasis added).

CVS has done so here. Indeed, CVS has provided uncontroverted evidence in support of its legitimate, nondiscriminatory, nonretaliatory reason for separating Plaintiff's employment in the form of:

- CVS's accommodation policies and procedures (demonstrating the accommodation and leave of absence options available to CVS employees);
- The Pharmacy Technician job description (identifying the essential functions of the position);
- Plaintiff's medical records (showing that Plaintiff was not able to perform the physical functions of the Pharmacy Tech position);
- Plaintiff's deposition testimony (admitting that the restrictions prescribed by her treating physicians were accurate);
- Declarations of CVS's WeCARE Workflow Process subject matter expert Brian Salvas and vocational expert Behnush Mortimer, Ph.D. (opining that Plaintiff was not physically able to perform the essential functions of the Pharmacy Technician position and was not physically able to work within CVS's WeCARE Workflow Process);
- Plaintiff's leave of absence/accommodation records (showing that CVS accommodated Plaintiff with three years of continuous leave); and
- Plaintiff resignation letter (showing that Plaintiff, not CVS, made the decision to end Plaintiff's employment).

Accordingly, CVS has met its burden at step two of the burden-shifting paradigm, thereby shifting the final burden back to Plaintiff.

**3. <u>Plaintiff cannot establish that the legitimate reasons offered by CVS were actually false and a cover up/pretext.</u>**

At step three of the burden-shifting paradigm, the presumption of discrimination/retaliation disappears, and a plaintiff must prove—by a preponderance of the evidence—that a defendant's offered reasons were in fact false and a cover up for intentional discrimination and/or retaliation. *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1735 (1994); *University of Southern*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*California v. Superior Court*, 222 Cal. App. 3d 1028, 1039 (1990).

Importantly, a "plaintiff's subjective beliefs in an employment discrimination case do not create a genuine issue of fact; nor do uncorroborated and self-serving declarations." *King v. United Parcel Servs., Inc.*, 152 Cal. App. 4th 426, 433 (2007); *see also Diego v. City of L.A.*, 15 Cal. App. 5th 338, 356 (2017); *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1147 (9th Cir. 2017) (noting that an employee-plaintiff "'must do more than establish a prima facie case and deny the credibility of [the employer-defendant's] witnesses'").

Similarly, creation of "only a weak issue of fact as to whether the employer's reason was untrue" in the face of "uncontroverted independent evidence that no discrimination has occurred" will not suffice to defeat summary judgment. *See Guz*, 24 Cal. 4th at 362 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148-49 (2000)); *see also Loggins*, 151 Cal. App. 4th at 1113 ("[A]n employee seeking to avoid summary judgment cannot simply rest on the prima facie showing, **but must adduce substantial evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual.**"). In other words, "summary judgment for the employer may . . . be appropriate where, given the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred." *Guz*, 24 Cal. 4th at 362; *but see Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009) (stating, in context of Title VII claim, that "[t]he amount of evidence required" to show that "there is a genuine dispute of material fact regarding pretext" is "minimal").

Here, Plaintiff's interrogatory responses and deposition testimony confirm that she cannot establish pretext:

- In response to interrogatories asking *when* CVS discriminated and retaliated against her, Plaintiff limited the time period to the last eight months of her

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

medical LOA, (UF 37);

- In response to interrogatories asking *how* CVS discriminated/retaliated, Plaintiff identified "unreasonable requests for clarification [of her medical restrictions]" and "ultimately not returning Plaintiff to work" (UF 38);
- During her deposition, Plaintiff testified: "to me it was discriminating because I was not allowed to return to work with the doctor's notes that were provided that was limiting me to -- kind of like a light duty." (UF 39).

Second, Plaintiff seemingly attempts to establish pretext by arguing that, *in her own judgment*, CVS could have accommodated her by converting her position to a "light duty" position. But it is settled law in California that a Plaintiff cannot substitute her own beliefs about what is and is not sound business judgment and argue that the difference in opinion evidences pretext. *See Merrick v. Hilton Worldwide, Inc*., 867 F.3d 1139, 1148 (9th Cir. 2017) ("The wisdom of [the employer's business] judgment is not subject to review by this Court, nor does it suggest Hilton's stated reasons for terminating Merrick were pretextual [because] even if [the employer] made unwise business judgments or that it used a faulty evaluation system [that] does not support the inference that [it] discriminated on the basis of [a protected characteristic].").

Indeed, "the focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." *Cooper v. United Air Lines, Inc*., 82 F. Supp. 3d 1084, 1111 (N.D. Cal. 2015). Courts "do not sit as a superpersonnel department that reexamines an entity's business decision and reviews the propriety of the decision." *Id.; Featherstone v. S. Cal. Permanente Med. Grp*., 10 Cal. App. 5th 1150, 1159 (2017) ("To show that an employer's reason for termination is pretextual . . . [the question] is whether discriminatory animus motivated the employer, not whether the employer [was] wise, shrewd, prudent or competent."); *see also Tunnel v. Powell*, 219 F. Supp. 2d 230, 239 (N.D. Cal. 2002) (merely challenging the employer's business judgment "does not create a triable

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

issue of fact as to pretext."); *Sada v. Robert F. Kennedy Med. Ctr.,* 56 Cal. App. 4th 138, 155 (1997) ("This Court does not sit as a super-personnel department that reexamines an entity's business decisions.... The question is not whether the employer exercised prudent business judgment but whether it made an unlawful [employment action]."); *Bryant v. OptumRX Pharmacy, Inc.*, 2017 WL 5891054, at *13 (C.D. Cal. Feb. 21, 2017), *aff'd sub nom. Bryant v. Unitedhealth Grp., Inc.*, 744 F. App'x 488 (9th Cir. 2018) ("Courts have consistently held that they should not second guess an employer's exercise of its business judgment in making personnel decisions, as long as they are not discriminatory.").

Because Plaintiff cannot adduce any – let alone *substantial* – evidence of pretext, the Court should grant CVS's motion as to Plaintiff's first, second, fifth, and sixth causes of action.

### C. Plaintiff's Fourteenth Cause of Action for Constructive Discharge Fails as a Matter of Law

To determine whether conditions were sufficient to establish constructive discharge, courts apply an objective standard. *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1239, 1246 (1994), *abrogated on other grounds by Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479 (1996). Plaintiff must show that the conditions prompting her resignation were "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job." *Id*. "The resignation must be coerced, not merely a rational option chosen by the employee." *Id*. at 1247; *see also Mullins v. Rockwell Int'l Corp*., 15 Cal.4th 731, 737 (1997) ("Constructive discharge occurs only when the employer coerces the employee's resignation, either by creating working conditions that are intolerable under an objective standard, or by failing to remedy objectively intolerable working conditions that actually are known to the employer."). For several reasons, Plaintiff cannot meet this high burden.

First, Plaintiff has conceded her hostile work environment claim. On March

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

12, 2022, Plaintiff dismissed her third cause of action. (*See* ECF No. 22.) California law is well-settled that where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge. *Holmes v. Petrovich Dev. Co., LLC*, 191 Cal. App. 4th 1047, 1062, (2011) ("From an objective standpoint, the trial court correctly granted summary adjudication [because] where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job.").

Second, during the discovery phase of this litigation, Plaintiff confirmed that she was not subjected to illegal or inappropriate conduct. Plaintiff was first asked, via written interrogatory, *who* she contends subjected her to harassment. Plaintiff identified Anthony Collier:

> <u>INTERROGATORY NO. 5</u>:
>
> IDENTIFY every PERSON who YOU contend harassed YOU.
>
> <u>RESPONSE TO INTERROGATORY NO. 5</u>:
>
> Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was harassed by Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier.

(UF 53.)

Subsequently, during her deposition, Plaintiff was asked *how* Collier harassed her. Plaintiff admitted she (1) never met Anthony Collier, (2) only spoke to him twice on the phone, in July 2018 and October 2018, and (2) texted him twice during that same time period. (UF 54.)

Third, during her deposition, Plaintiff admitted that her reason for resigning was her own strategic decision to leave the company at a time when she could maximize her retirement medical benefits:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

> [T]he reason I [resigned] before I heard back from [the] reasonable accommodation department is because I was on a timetable … if I hadn't retired in February, I would have lost my medical benefits[.] (*See* UF 30.).

Plaintiff's choice to retire in January 2019 was not a product of illegal or inappropriate treatment by CVS. For this additional reason, Plaintiff's constructive discharge claim fails as a matter of law.

**D. Plaintiff's Fourth Cause of Action for CFRA Interference Fails as a Matter of Law**

To establish the *prima facie* elements of her CFRA interference claim, Plaintiff must offer evidence sufficient to show: (1) she was entitled to CFRA leave rights, and (2) CVS interfered with or denied those rights. *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 601 (2016); *Richey v. AutoNation, Inc.*, 60 Cal.4th 909, 920 (2015) ("[C]ourts have distinguished between two theories of recovery under the CFRA and the FMLA. 'Interference' claims prevent employers from wrongly interfering with employees' approved leaves of absence, and 'retaliation' or 'discrimination' claims prevent employers from terminating or otherwise taking action against employees because they exercise those rights.")

Here, as a matter of law, Plaintiff cannot establish her claim because CVS approved 100% of her leave requests. *See* Section II(B), above; *see also Haqq v. Stanford Hosp. & Clinics*, No. C 06-05444 JW, 2008 WL 11459633, at *11 (N.D. Cal. Aug. 13, 2008) (granting summary judgment because "the record establishe[d] that Plaintiff was never denied leave"); *Williams v. Lorenz*, No. 15-CV-04494-BLF, 2018 WL 4003455, at *22 (N.D. Cal. Aug. 22, 2018) (granting summary judgment as to CFRA interference claim because there was no material dispute that plaintiff was approved for and received leave). Accordingly, the Court should grant CVS's motion as to Plaintiff's fourth cause of action.

**E. Plaintiff's Thirteenth Cause of Action for Breach of the Implied**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**Covenant of Good Faith and Fair Dealing Fails as a Matter of Law**

In her thirteenth cause of action, Plaintiff alleges that CVS breached an implied covenant of good faith and fair dealing. This claim fails as a matter of law for the simple reason that Plaintiff was an at-will employee. The California Labor Code creates a *presumption* of at-will employment. Cal. Lab. Code § 2922. In addition, Plaintiff's at-will status is confirmed in writing. (UF 50.)

For the above reasons, Plaintiff had no contractual right to continued employment. *See Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 829 (2002) (upholding defense summary judgment based on at-will statements in employee handbook and other documents); *Horn v. Cushman & Wakefield W., Inc.*, 72 Cal. App. 4th 798, 819 (1999) (vague assurances that plaintiff would become a sales manager were not sufficient to create a triable issue as to the at-will nature of his employment).

Accordingly, Plaintiff's implied covenant theory must fail. *Horn,* 72 Cal. App. 4th at 820 ("Because we have found that summary judgment was properly granted on the ground that [plaintiff's] employment was at-will, he can state no claim either for breach of an employment contract or for breach of the implied covenant.").

**F. Plaintiff's Seventh Cause of Action for Failure to Prevent Discrimination and Retaliation Fails as a Matter of Law**

Plaintiff's seventh cause of action for failure to prevent discrimination and retaliation is derivative of her discrimination and retaliation claims addressed above. To maintain such a claim, Plaintiff must first prove that she suffered actionable discrimination or retaliation. Then, and only then, would the inquiry turn to whether CVS failed to take "reasonable steps" to prevent the discrimination or retaliation from occurring. *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280 (1998).

This cause of action fails at step one. As discussed above, Plaintiff cannot establish that she suffered discrimination or retaliation of any kind. And it is well

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

settled that no action lies for failing to take necessary steps to prevent unlawful conduct if no such predicate conduct occurred. *Id*. at 284 ("[t]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen"); *see also Adetuyi v. City & Cty. of San Francisco*, 63 F. Supp. 3d 1073, 1093 (N.D. Cal. 2014) ("no liability if discrimination or retaliation did not occur).

## IV. PUNITIVE DAMAGES

Plaintiff cannot recover punitive damages because (1) she cannot offer evidence of oppression, fraud, or malice, on the part of any CVS employee, and (2) Anthony Collier (the alleged bad actor) was not an officer, director, or managing agent of CVS.

The California Civil Code defines malice as "an intent to cause injury to the plaintiff or despicable conduct taken with a willful and conscious disregard of the rights or safety of others." CAL. CIV. CODE § 3294, subd. (c)(1). Despicable conduct is conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people [and has been described as] having the character of outrage frequently associated with crime." *Id.* But there is simply no evidence that Collier acted with oppression, fraud, or malice, in any of his interactions with (or decisions regarding) Plaintiff, much less "clear and convincing evidence." An objective review of Sections II(B) and III(E), above, confirms that Collier's actions were textbook "commonly necessary personnel management actions." As a matter of law, such conduct cannot support a claim for punitive damages. *See Blincow v. MillerCoors, LLC*, No. 2: 16-cv-01771, 2018 WL 3869162, at *5 (E.D. Cal. Aug. 15, 2018) *quoting Spinks v. Equity Residential Briarwood Apts.*, 171 Cal. App. 4th 1004, 1053 (2009) ("For a punitive damages request to survive summary judgment, there must be evidence from which a reasonable juror could find, by clear and convincing evidence, the discriminatory acts were committed with oppression, fraud, or malice."); *Scott v. Phoenix Sch.,*

*Inc*., 175 Cal. App. 4th 702, 717 (2009) ("Wrongful termination, without more, will not sustain a finding of malice or oppression").

Moreover, under California law, the "act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." CAL. CIV. CODE § 3294. Collier was not an officer or director of CVS, and he did not make, suggest, or influence decisions that ultimately determined CVS's corporate policy. (UF 64-65.) Rather, in his role, Collier was primarily responsible for managing a small subset of CVS retail stores in Los Angeles. (*Id.*) His decision-making process was guided entirely by CVS's corporate policies, procedures, and strategic initiatives. And the results of his decisions were almost always entirety localized in that they impacted only certain employees within his assigned district. (*Id.*) Simply put, Collier did not have independent discretion to make decisions that fell outside of CVS's policies, procedures, and strategic initiatives. Based on these facts, it is impossible for Plaintiff to present the requisite clear and convincing evidence that Collier was a managing agent of CVS.

## V. CONCLUSION

For all of the above reasons, CVS respectfully requests that the Court grant this Motion and dismiss Plaintiff's first, second, fourth, fifth, sixth, seventh, eighth, ninth, thirteenth, and fourteenth causes of action.

DATED: March 14, 2022

PAYNE & FEARS LLP

By: */s/ Leilani E. Jones*

DANIEL F. FEARS
ANDREW K. HAEFFELE
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100