# EXHIBIT C

BIGONGER AND BIGONGER
Samantha S. Bigonger, SBN 286290
4897 Main Street
Yorba Linda, CA, 92886
Telephone: (714) 777-4477
Facsimile: (714) 777-1207

LAW OFFICE OF DARIUS GLEASON APC
Darius Gleason, SBN 284103
4897 Main Street
Yorba Linda, CA, 92886
Telephone: (949) 302-5687

Attorneys for Plaintiff,
**JULIE BRAZELTON**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE BRAZELTON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; ANTHONY COLLIER, an individual; and DOES 1 – 100, inclusive;<br><br>Defendants. | Case No.: 2:20-cv-10604-DSF-AGR<br><br>Hon. Dale S. Fischer<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES (SET ONE)**<br><br>Trial Date: None Set |

PROPOUNDING PARTY: Defendant, CVS PHARMACY, INC.

RESPONDING PARTY: Plaintiff, JULIE BRAZELTON

SET NO.: ONE

These responses are made solely for the purposes of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any Interrogatories were asked of, or any statement contained herein were made by, a witness

present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has answered or objected to any Interrogatory or any part thereof should not be taken as an admission that they accept or admit the existence of any facts set forth or assumed by such Interrogatory or that such answer or objection constitutes admissible evidence. The fact that Plaintiff has not answered part or all of any Interrogatory is not intended and shall not be construed to be a waiver by them of all or any part of any objection to any Interrogatory propounded by Defendants.

To the extent any or all of the Interrogatories call for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the work-product doctrine or which constitutes information which is privileged by virtue of the attorney-client privilege, this Plaintiff objects to each and every such Interrogatory and thus will not supply or render any information or material protected from discovery by virtue of the work-product doctrine or attorney-client privilege.

Plaintiff has not completed the investigation of the facts relating to this case, has not completed discovery of this action, and has not completed preparation for trial. The following answers are given without prejudice to the production of subsequently discovered facts or evidence, or the presentation of facts or theories resulting from subsequently discovered evidence, reevaluation of existing evidence or evaluation of existing evidence in light of newly discovered evidence.

/ / /

/ / /

/ / /

/ / /

**RESPONSES TO SPECIAL INTERROGATORIES**

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was discriminated against by Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier and other members of Defendant CVS Pharmacy, Inc.'s human resources, leave of absence, interactive process and/or reasonable accommodations teams including persons with the names (some have unknown last names): "Chris"; "Taryn"; "Paulette"; "Cassandra"; "Matt"; "Kirsten"; "Theresa"; "Lynn" and "Tracy Sullivan".

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was discriminated against by Defendant CVS Pharmacy, Inc. and its agents and employees on an ongoing basis from approximately 2018 to the date she was terminated from her employment on March 22, 2019.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was retaliated against by Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier and other members of Defendant CVS Pharmacy, Inc.'s human resources, leave of absence, interactive process and/or reasonable accommodations teams including persons with the names (some have unknown last names): "Chris"; "Taryn"; "Paulette"; "Cassandra"; "Matt"; "Kirsten"; "Theresa"; "Lynn" and "Tracy Sullivan".

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was retaliated against by Defendant CVS Pharmacy, Inc. and its agents and employees on an

ongoing basis from approximately 2018 to the date she was terminated from her employment on March 22, 2019.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was harassed by Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff contends that she was harassed by Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier on or about end of May 2018 and early June 2018.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Objection. Overbroad. Without waiving the foregoing objections, Plaintiff has experienced emotional injury in the form of depression and anxiety. She has also experienced physical injuries manifesting from her emotional injuries in the form of a rash.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Dr. Gregory Cohen in year 2017; Dr. Mary Wahbah from 2018 to present; and Dr. Avanta Collier from 2020 to present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Objection. Overbroad and burdensome. Plaintiff has provided Defendant comprehensive medical reports with medical record reviews which contain the names of the physicians that Plaintiff has sought treatment with for medical conditions that affected her ability to work. Plaintiff defers to her medical records for treatment she received and the dates upon which that treatment was received.

/ / /

/ / /

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Objection. Overbroad, burdensome and cumulative. Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier and other members of Defendant CVS Pharmacy, Inc.'s human resources, leave of absence, interactive process and/or reasonable accommodations teams including persons with the names (some have unknown last names): "Chris"; "Taryn"; "Paulette"; "Cassandra"; "Matt"; "Kirsten"; "Theresa"; "Lynn" and "Tracy Sullivan". Plaintiff and Plaintiff's healthcare providers.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Objection. Overbroad, burdensome and cumulative. Chris, Taryn, Paulette, Cassandra, Matt, Kirsten, Theresa, Lynn and Tracy Sullivan will have information regarding why Defendant CVS Pharmacy, Inc. would not accommodate Plaintiff's work restrictions even after numerous revisions to them as requested by Defendant CVS Pharmacy, Inc. as well as their communications with the Plaintiff. Defendant Anthony Collier will have information regarding why Defendant CVS Pharmacy, Inc. would not provide Plaintiff with a chair to sit and stand as needed in the workplace as well as his communications with the Plaintiff. Plaintiff will have information regarding her medical condition, her work restrictions, the steps she took to return to work, and the conflicting and evasive interactions with Defendant CVS Pharmacy, Inc. and its agents and employees during the period she was trying to return to work. Plaintiff's physicians will have information regarding Plaintiff's disability, work restrictions and any communications with Defendant CVS Pharmacy, Inc.'s agents and employees regarding Plaintiff's work restrictions.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Objection. Overbroad, burdensome and cumulative. Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier and other members of Defendant CVS Pharmacy, Inc.'s human resources, leave of absence, interactive process and/or reasonable accommodations teams including persons with the names (some have unknown last

names): “Chris”; “Taryn”; “Paulette”; “Cassandra”; “Matt”; “Kirsten”; “Theresa”; “Lynn” and “Tracy Sullivan”. Plaintiff and Plaintiff’s healthcare providers.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Objection. Overbroad, burdensome and cumulative. Chris, Taryn, Paulette, Cassandra, Matt, Kirsten, Theresa, Lynn and Tracy Sullivan will have information regarding why Defendant CVS Pharmacy, Inc. would not accommodate Plaintiff’s work restrictions even after numerous revisions to them as requested by Defendant CVS Pharmacy, Inc. as well as their communications with the Plaintiff. Defendant Anthony Collier will have information regarding why Defendant CVS Pharmacy, Inc. would not provide Plaintiff with a chair to sit and stand as needed in the workplace as well as his communications with the Plaintiff. Plaintiff will have information regarding her medical condition, her work restrictions, the steps she took to return to work, and the conflicting and evasive interactions with Defendant CVS Pharmacy, Inc. and its agents and employees during the period she was trying to return to work. Plaintiff’s physicians will have information regarding Plaintiff’s disability, work restrictions and any communications with Defendant CVS Pharmacy, Inc.’s agents and employees regarding Plaintiff’s work restrictions.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection. Overbroad, burdensome and cumulative. Without waiving the foregoing objections, Plaintiff contends that she was harassed by Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection. Overbroad, burdensome and cumulative. Without waiving the foregoing objections, Plaintiff believes Defendant CVS Pharmacy, Inc. and its agents and employees on the human resources, leave of absence, interactive process and/or reasonable accommodations teams harassed Plaintiff by ignoring her work restrictions, making unreasonable requests for clarification, when presented with revised work restrictions demanding further clarification that was never

requested before, then agreeing to contact Plaintiff's physicians for the clarification they needed but never doing so, and for ultimately not returning Plaintiff to work where it would not have been an undue burden for Defendant CVS Pharmacy, Inc. to do so. As to Defendant Anthony Collier, for denying Plaintiff the opportunity to have a chair at work so she could sit and stand as she needed to throughout the day in the course of her job duties.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Objection. Overbroad, burdensome and cumulative. Defendant CVS Pharmacy, Inc. and its agents and employees including, but not limited to, Defendant Anthony Collier and other members of Defendant CVS Pharmacy, Inc.'s human resources, leave of absence, interactive process and/or reasonable accommodations teams including persons with the names (some have unknown last names): "Chris"; "Taryn"; "Paulette"; "Cassandra"; "Matt"; "Kirsten"; "Theresa"; "Lynn" and "Tracy Sullivan". Plaintiff and Plaintiff's healthcare providers.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Objection. Overbroad, burdensome and cumulative. Without waiving the foregoing objections, Plaintiff believes Defendant CVS Pharmacy, Inc. and its agents and employees on the human resources, leave of absence, interactive process and/or reasonable accommodations teams retaliated against Plaintiff for reporting her work-related injuries by ignoring her work restrictions, making unreasonable requests for clarification, when presented with revised work restrictions demanding further clarification that was never requested before, then agreeing to contact Plaintiff's physicians for the clarification they needed but never doing so, and for ultimately not returning Plaintiff to work where it would not have been an undue burden for Defendant CVS Pharmacy, Inc. to do so. As to Defendant Anthony Collier, for denying Plaintiff the opportunity to have a chair at work so she could sit and stand as she needed to throughout the day in the course of her job duties.

DATED: APRIL 23, 2021

**BIGONGER & BIGONGER**

Samantha S. Bigonger

Samantha S. Bigonger, Attorney
for Plaintiff, **JULIE BRAZELTON**

## VERIFICATION

BRAZELTON v. CVS PHARMACY, INC., et al.

Case No.: 2:20-cv-10604-DSF-AGR

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES (SET ONE)** and know its contents.

___X__I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

______I am the ### for ###, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ______I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ______The matters stated in the forgoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

______I am one of the attorneys for ###, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on 4/24/2021, at WHITTIER, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DocuSigned by:
Julie Brazelton
8187C705B76A4A9...

JULIE BRAZELTON, Plaintiff

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is 4897 Main Street, Yorba Linda, California, 92886.

On APRIL 23, 2021, I served the foregoing document(s) described as: **PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES (SET ONE)** on the interested parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

**PAYNE & FEARS LLP**
Attn: Daniel F. Fears, Esq. dff@paynefears.com
Andrew K. Haeffele, Esq. akh@paynefears.com
Leilani E. Jones, Esq. llj@paynefears.com
4 Park Plaza, Ste. 1100
Irvine, CA 92614

(**X**) VIA E-MAIL: Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on APRIL 23, 2021, at Yorba Linda, California.

Samantha S. Bigonger

SAMANTHA S. BIGONGER