Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani E. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE BRAZELTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; ANTHONY COLLIER, an individual; and DOES 1 - 100, inclusive;,<br><br>Defendants. | Case No. 2:20-cv-10604-DSF-AGR<br><br>**Hon. Dale S. Fischer**<br><br>**DECLARATION OF BEHNUSH B. MORTIMER, Ph.D.**<br><br>Judge: Hon. Dale S. Fischer<br>Date: April 11, 2022<br>Time: 1:30 p.m.<br>Crtrm.: 7D<br><br>Trial Date: July 19, 2022 |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**DECLARATION OF BEHNUSH B. MORTIMER, Ph.D.**

I, Behnush Mortimer, declare as follows:

1. Ms. Brazelton has worked as a Pharmacy Technician for CVS Pharmacy since 1984. Her last rate of pay was $20.30/hour. Due to a cumulative trauma claim of injury involving her foot and subsequent treatment, Ms. Brazelton had been off work since 2/1/16. She remained off work on leave granted by CVS Pharmacy until her resignation on 1/17/19 with a formal retirement date of 3/22/19.

2. Ms. Brazelton's work restrictions as provided by physician evaluators are described above in this report. Ultimately Ms. Brazelton was restricted to standing and walking 30 minutes (per hour assumed) or 4 hours (in an 8 hour day assumed). She was also restricted to sitting at will. Lifting limitations had also been stated. At one time Dr. Rogachefsky had also discussed only working 75% of work shifts by requiring a break of 15 minutes every hour.

   Dr. Rogachefsky's work restrictions of 8/8/18:
   *The patient cannot stand for more than four hours. She should have a 15-minute break per hour.*

   Dr. Signorelli's work restrictions of 10/4/18:
   *Limitation: Unable to walk and unable to lift >20 pounds; 2 months; 10/4/18 – 12/31/18;*
   *Unable to perform which job duties: standing continuously >2 hours*
   *Accommodation: No lifting >20 pounds and no prolonged standing >2 hours; 10/4/18 – 12/3/18.*
   Dr. Cortes' work restrictions as of 10/31/18:
   *Limitation: unable to stand / walk >30 minutes; Must sit / stand at will; 4 weeks; 10/24/18 – 11/21/18*

3. This expert has completed a comprehensive vocational analysis including review of employment and medical records, review of work restrictions, discussion with District Manager Jay Patel and Pharmacy Manager Angela, labor market, wage and occupation research, and a site visit CVS Pharmacy Whitter.

4. It is my opinion that based on the aforementioned analysis, Ms. Brazelton is not employable at CVS Pharmacy Whitter as a Lead Pharmacy or Pharmacy Technician. This is due to her inability to complete essential functions of the job

which require standing and walking for prolonged periods and moving between various tasks within the pharmacy.

5. Based on the restrictions provided, Ms. Brazelton has limited time in which she may remain standing/walking and would need to transition to sitting for 30 minutes per hour which would require her to sit at one station and/or task. However, each station has multitude of duties and tasks. For example, even if Ms. Brazelton was working the drive through with a stool, she would be required to stand up to move between the computer, waiting bins and drive through window. She would need to look up and/or enter information into a computer, drop prescription and reach for payment, stand up and walk about to grab medication from waiting bay, stand up and walk around to have pharmacist review information as needed.

6. It should also be noted that CVS Pharmacy Whitter utilizes a WeCare Workflow chart to rotate their employees through different job tasks throughout the day and weeks to prevent overuse and cumulative injury. It is also preferred by CVS Pharmacy Whitter that each pharmacy technician has the opportunity to learn to master each of the skills needed in the pharmacy since you are expected to perform each and every task at some point in the day or schedule. The physical restrictions provided by Drs. Signorelli, Cortes and Rogachefsky, taken individually or in combination, preclude Ms. Brazelton from performing all essential work functions which results in an inability for Ms. Brazelton to work at the variety of stations and tasks needed for the pharmacy to flow in production.

7. It is my opinion that there is not a reasonable accommodation that would allow Ms. Brazelton to perform the various tasks in the CVS Whitter Pharmacy. The reasonable accommodation goes beyond the need for a stool in the work environment, as claimed in plaintiff records. In fact there are many stools throughout the pharmacy stations. The physical limitations would ultimately not allow Ms. Brazelton to perform in the full scope of tasks that are needed to be performed as a pharmacy technician with or without a stool. Ms. Brazelton's work restrictions would have prohibited her from participating in rotating tasks throughout shifts which is the foundation of the CVS WeCare Workflow.

8. It is my opinion that the barriers to approving Ms. Brazelton's reasonable accommodation request based on her work restrictions would have been a lack of ability for Ms. Brazelton to complete all essential job tasks; a lower productivity rate for Ms. Brazelton which would then reduce overall production rates for CVS Pharmacy Whitter; and an increased risk of cumulative trauma to Ms. Brazelton or other staff at CVS Pharmacy Whitter by limiting the WeCare Workflow rotation of tasks.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on this 12th day of March, 2022, in Poway, California.

Behnush Mortimer