Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani E. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIE BRAZELTON, an individual,

Plaintiff,

v.

CVS PHARMACY, INC., a Rhode Island Corporation; ANTHONY COLLIER, an individual; and DOES 1 - 100, inclusive;,

Defendants.

Case No. 2:20-cv-10604-DSF-AGR

**Hon. Dale S. Fischer**

**DEFENDANT CVS PHARMACY, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Judge: Hon. Dale S. Fischer
Date: April 11, 2022
Time: 1:30 p.m.
Crtrm.: 7D

Trial Date: July 19, 2022

Pursuant to Central District Local Rule 56-1, Defendant CVS Pharmacy, Inc. ("Defendant") submits the following Separate Statement of Uncontroverted Material Facts and Conclusions of Law in Support of its Motion for Summary Judgment:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# I.

# STATEMENT OF UNCONTROVERTED FACTS

**<u>Noticed Issue No. 1</u>:** Plaintiff's first cause of action for disability discrimination fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot identify evidence of a discriminatory motive in CVS's decision to extend Plaintiff's leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

| **<u>Uncontroverted Material Facts</u>:** | **<u>Supporting Evidence</u>:** |
|---|---|
| 1. Plaintiff worked as a Pharmacy Technician at CVS Store 9512 from June 2006 to February 2019. | 1. Declaration of Anthony Collier ("Collier Decl."), ¶¶ 5, 8, and Exs. A, E. |
| 2. During her employment, Plaintiff was a member of the United Food and Commercial Workers Union, Local 324 (the "Union"). | 2. Collier Decl., Exs. A & B. |
| 3. The physical requirements of the Pharmacy Technician position include:<br>▪ Remaining upright on the feet for sustained periods of time;<br>▪ Moving about on foot to accomplish tasks, moving from one work area to another;<br>▪ Picking, pinching, typing or otherwise working primarily with fingers rather than whole hand or arm;<br>▪ Extending hand(s) and arm(s) in any direction;<br>▪ Bending body downward and forward by bending spine at the waist; | 3. Collier Decl., ¶ 8, Ex. C. |

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| ▪ Stooping to a considerable degree and requiring full use of the lower extremities and back muscles;<br>▪ Occasional lifting of up to 30 lbs. and exerting up to 30 lbs. of force; and<br>▪ Frequently exerting up to 10 lbs. of force. | |
| 4. The essential functions of the Pharmacy Technician position include: (1) standing at production stations; (2) manning the cash register; (3) moving between production station and the cash register on demand; (4) providing assistance to customers at drop-off or pick-up; (5) picking up and moving product from station to station; and (6) accessing, storing, or inventorying product on shelves. | 4. Collier Decl., ¶ 8, Ex. C. |
| 5. CVS utilizes its WeCARE workflow operating process (the "WCW Process") in all retail pharmacies throughout the country (including the Pharmacy in CVS Store # 9512), and did so during Plaintiff's employment. | 5. Declaration of Brian Salvas ("Salvas Decl."), ¶ 3; Collier Decl. ¶¶ 12-18. |
| 6. The WCW Process operates to maximize efficiency and customer service by rotating pharmacy staff throughout a multi-workstation facility | 6. Salvas Decl., ¶¶ 4-6. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| based on the hour-by-hour needs of the pharmacy. | |
| 7. CVS pharmacies typically have five primary workstations: drop off, pick-up, drive-thru, quality assurance, and production. The WCW Process was facilitated via the "workstation assignment board," which was used throughout the workday to notify pharmacy team members of their primary responsibility assignments, secondary responsibility assignments, and off-station tasks. | 7. Salvas Decl., ¶¶ 4-6. |
| 8. The WCW Process requires colleagues at any one workstation to balance both customer facing and non-customer facing tasks. For the WCW Process to work properly, all team members must be able to rotate throughout all workstations and balance the requisite tasks of each workstation. Team members must be mobile and able to quickly pivot from one task in one location to another task in another location. | 8. Salvas Decl., ¶ 7. |

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 9. CVS offers accommodation options for injured and disabled employees, including light duty assignments, work environment adjustments, job duty modifications, and LOAs. | 9. Arsenault Decl., ¶¶ 4-5, Exs. A, B. |
| 10. Accommodation and LOA requests are handled directly and exclusively through CVS's Reasonable Accommodation department ("RA Dept.") and Leave of Absence department ("LOA Dept.") at CVS's corporate headquarters in Rhode Island. | 10. Arsenault Decl., ¶¶ 4-5, Exs. A, B. |
| 11.Accommodation requests are submitted, documented, and accommodated through a multistep process. First, the requesting employee initiates the request via CVS's myHR portal/myHR Hotline. (Id.). Once the request is initiated, CVS's RA Dept./LOA Dept. mails/emails a standard letter, which includes information, instructions, relevant forms, and medical certification paperwork. The letter also | 11. Arsenault Decl., ¶¶ 4-5, Exs. A, B. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| directs the employee to submit all certifications and supporting documentation directly to the RA Dept./LOA Dept., and provides a deadline. | |
| 12. In March 2016, Plaintiff requested a three-month continuous LOA. CVS approved Plaintiff's request through June 14, 2016. | 12.Declaration of Lynne Dupont ("Dupont Decl."), ¶ 6, Ex. D at pgs. 7-9. |
| 13. In June 2016, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through September 15, 2016. | 13. Dupont Decl., ¶ 6, Ex. D at pgs. 7-9. |
| 14. In September 2016, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through December 11, 2016. | 14. Dupont Decl., ¶ 6, Ex. D at pg. 11. |
| 15. In December 2016, Plaintiff requested twelve-month extension of her leave, and CVS approved Plaintiff's request through December 20, 2017. | 15. Dupont Decl. Ex. E, pgs. 1, 8. |
| 16. In December 2017, Plaintiff requested seven-week extension of her leave, and CVS approved Plaintiff's request through February 8, 2018. | 16. Dupont Decl. Ex. E, pgs. 6-7. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts**: | **Supporting Evidence**: |
|---|---|
| 17. In February 2018, Plaintiff requested a two-month extension of her leave. CVS approved Plaintiff's request through March 30, 2018. | 17. Dupont Decl. Ex. F, pg. 4. |
| 18. In March 2018, Plaintiff requested a five-week extension of her leave. CVS approved Plaintiff's request through May 3, 2018. | 18. Dupont Decl. Ex. F, pg. 5. |
| 19. In June 2018, Plaintiff requested an eight-week extension of her leave. CVS approved Plaintiff's request through June 26, 2018. | 19. Dupont Decl. Ex. F, pg. 6. |
| 20. In August 2018, Plaintiff requested a three-month extension of her leave. CVS approved Plaintiff's request through October 5, 2018. | 20. Dupont Decl. Ex. F, pg. 7. |
| 21. In December 2018, Plaintiff requested a five-week extension of her leave. CVS approved Plaintiff's request through January 8, 2019. | 21. Dupont Decl. Ex. F, pg. 8. |
| 22.On May 2, 2018, Plaintiff was evaluated by her treating physician (Dr. Signorelli) and placed on the following restrictions: "sit/stand at will for pain." Plaintiff subsequently submitted a Reasonable | 22. Dupont Decl. ¶ 9, Ex. G at pgs. 1-2. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| Accommodation Questionnaire ("RAQ") to CVS's RA Dept, listing the May 2018 Restrictions. | |
| 23. Reasonable Accommodate Partner ("RA Partner") Christine Arsenault engaged Plaintiff and Plaintiff's District Leader to determine whether the May 2018 Restrictions could be accommodated:<br><br><u>May 10, 2018</u>:<br><br>Left message for employee to advise I need more specifics on the sitting and standing. How often would she need to sit, can[not] proceed with the request until we can determine what is needed to determine if business can support.<br><br><u>May 14, 2018</u>:<br><br>Spoke with employee … and let her know I need frequency for the sitting. Employee goes to PT on Tuesday and at that time she will talk to the doctor on clarifying the sitting restriction.<br><br><u>May 30, 2018</u>:<br><br>Spoke to leader and the business is not able to accommodate the sitting every other hour in the RX area. Recommendation is the employee remaining on LOA until next appointment on 6/27/2018. | 23. Dupont Decl. Ex. G, pgs. 10-11. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 24. On June 27, 2018, Plaintiff was evaluated by Dr. Signorelli and placed on the following restrictions: "take breaks as needed" (the "June 2018 Restrictions"). Plaintiff subsequently submitted an RAQ to CVS's RA Dept, listing the June 2018 Restrictions. | 24. Dupont Decl., Ex. H, pgs. 1-2. |
| 25. Thereafter, RA Partners Tracy Sullivan and Christine Arsenault spoke with Plaintiff and Plaintiff's treating physicians to determine whether the June 2018 Restrictions could be accommodated:<br><br>July 17, 2018:<br><br>spoke with EE regarding RAQ, EE said Dr is in office every other Wednesday<br><br>EE said Dr said that EE can take breaks - requested clarification<br><br>EE has had 4 surgeries - does not know what the doctor wants<br><br>July 24, 2018:<br><br>spoke with EE - EE has office visit 7/25/18<br><br>adv EE that take breaks as needed needs clarification<br><br>July 25, 2018:<br><br>Spoke to EE and the doctor's appointment that was scheduled today as been cancelled, doctor will not be in the office today. Office will be calling the EE to | 25. Dupont Decl., Ex. H, pgs. 8-10. |



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| reschedule.<br>July 31, 2018:<br>Spoke to EE and let her know the [doctor's] office stated it was up to the EE on what she needs for breaks. EE stated that she called the office yesterday to get her appointment rescheduled from them canceling it last week. EE was told that the Doctor is no longer with the company and has opened his own practice, being WKC EE is unsure if she can continue to see this doctor they may need to get her a new one. | |
| 26. On October 24, 2018, Plaintiff was evaluated by her new treating physician (Dr. Zenia E. Cortes) and placed on the following restrictions: "unable to stand or walk for more than 30 mins"; "must sit/stand at will" (the "October 2018 Restrictions"). On November 6, 2018, Plaintiff submitted an RAQ to CVS's RA Dept, listing the October 2018 Restrictions. | 26. Dupont Decl. Ex. I, pgs. 1-2. |
| 27. Thereafter, RA Partners Tracy Sullivan and Lynne DeGuilio spoke with Plaintiff and Plaintiff's District Leader to determine whether the October 2018 Restrictions could be accommodated:<br>November 26, 2018: | 27. Dupont Decl. Ex. I, pg. 11; *see also* Salvas Decl., ¶¶ 1-7; Mortimer Decl., ¶¶ 1-8. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
| --- | --- |
| spoke w EE, agrees with medical note and combination of RAQ<br><br>EE has changed Drs and direction has changed<br><br>EE believes unable to stand or walk greater than 30 mins at time<br><br>EE must sit/stand at will<br><br>EE foresees not being able to do production, constant twisting and turning of foot<br><br>December 3, 2018:<br><br>spoke to [Anthony Collier] … 24/7 high volume [pharmacy]<br><br>techs are constantly moving; would not be able to accommodate the 30 minute period indicated; states that if this was increased to 60-90 minutes would be more viable<br><br>states techs need to be mobile, need to be able to move for large portion of shift<br><br>DL also states that clarification will be needed on how much time sitting would be needed during work flow, to see what this would look like<br><br>states just opened the Brea store, this may be possibility down the road, when restrictions have been updated; "accommodate until 1/19/19<br><br>December 3, 2018<br><br>called EE at 562/xxx-xxxx<br><br>advise[d] EE that there may be opportunities for EE to rtw, consecutive leave extended until 1/9/19<br><br>advise[d] EE RAQ would need to | |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| Uncontroverted Material Facts: | Supporting Evidence: |
|---|---|
| clarify how much time would be needed for sitting, also advise[d] if 30 minute period were to be extended to 60-90 min period, rtw would be more viable | |
| 28. On January 9, 2019, Plaintiff was evaluated by Dr. Cortes and placed on the following restrictions: "unable to stand/walk for more than 30 mins" (the "January 2019 Restrictions"). On January 18, 2019, Plaintiff submitted an RAQ to CVS's RA Dept, listing the January 2019 Restrictions. | 28. Dupont Decl. Ex. J, pgs. 1-2. |
| 29. On January 17, 2019, Plaintiff submitted a resignation letter, resigning her employment "effective February 1, 2019," *prior to* submitting the January 2019 Restrictions to CVS's RA Dept. | 29. Collier Decl., Ex. E; Dupont Decl. Ex. J, pgs. 1-2. |
| 30. During her deposition, Plaintiff admitted that she resigned because of her Union's rule regarding retirement benefits:<br>[T]he reason I [resigned] before I heard back from [the] reasonable accommodation department is because I was on a timetable … if I hadn't retired in February, I would have lost my medical | 30. Declaration of Leilani Jones ("Jones Decl."), ¶ 7, Ex. D at 133:23-134:13. |





PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| benefits[.] | |
| 31. On June 5, 2019, Plaintiff was evaluated and her treating physician prescribed these restrictions: prohibited from standing or walking more than four hours per shift; one 15-minute break every hour. | 31. Jones Decl., ¶ 7, Ex. D at 126:2-138:25, Ex. 17. |
| 32. On November 12, 2019, Plaintiff was evaluated and her treating physician prescribed these restrictions: prohibited from standing or walking more than four hours per shift; one 15-minute break every hour. | 32. Jones Decl., ¶ 7, Ex. D at 129:7-130:5, Ex. 18. |
| 33. On November 10, 2020, Plaintiff was evaluated and her treating physician prescribed these restrictions: prohibited from standing or walking more than four hours per shift; one 15-minute break every hour. | 33. Jones Decl., ¶ 7, Ex. D at 130:15-131:13, Ex. 19. |
| 34. On October 4, 2021, Plaintiff was evaluated and her treating physician prescribed these restrictions: limited to 30 minutes of standing and walking per shift; use stool to sit or stand at will. | 34. Jones Decl., ¶ 7, Ex. D at 131:18-133:2, Ex. 20. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
| --- | --- |
| 35. Plaintiff admitted that she had the following physical limitations:<br>▪ Throughout the Relevant Period, her pain was consistently an 8/10 and exacerbated by prolonged sitting, walking, and reaching.<br>▪ Throughout the Relevant Period, she had limited motion and could not bend forward during the Relevant Period.<br>▪ Throughout the Relevant Period, and through today, prolonged sitting increases her pain.<br>▪ She could not reach overhead or lift more than 20 lbs.<br>▪ She could not stand for any period of time, or pivot/twist.<br>▪ She could not walk without using a cane. | 35. Jones Decl., ¶ 7, Ex. D at 52:13-57:11. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**Noticed Issue No. 2:** Plaintiff's first cause of action for disability discrimination fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-discriminatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional discrimination.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
| --- | --- |
| 36. *See* Uncontroverted Fact Nos. 3-8, 22-27 | 36. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-8, 22-27 |
| 37.In response to interrogatories asking *when* CVS discriminated and retaliated against her, Plaintiff limited the time period to the last eight months of her medical LOA (May 2018 - Jan 2019). | 37. Jones Decl., Exs. B and C (Interrogatory Nos. 2, 4) |
| 38.In response to interrogatories asking *how* CVS discriminated/retaliated, Plaintiff identified "unreasonable requests for clarification [of her medical restrictions]" and "ultimately not returning Plaintiff to work." | 38. Jones Decl., Exs. B and C (Interrogatory Nos. 11, 13, 17) |
| 39.During her deposition, Plaintiff testified: "to me it was discriminating because I was not allowed to return to work with the doctor's notes that were | 39. Jones Decl., Ex. D, pg. 99:5-18) |

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| provided that was limiting me to -- kind of like a light duty." | |

**Noticed Issue No. 3:** Plaintiff's second cause of action for age discrimination fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot establish a causal link between her age and CVS's decision to extend Plaintiff's leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 40. *See* Uncontroverted Fact Nos. 3-8, 22-27 | 40. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-8, 22-27 |

**Noticed Issue No. 4:** Plaintiff's second cause of action for age discrimination fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-discriminatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional discrimination.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 41. *See* Uncontroverted Fact Nos. 3-8, 22-27 | 41. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-8, 22-27 |

**Noticed Issue No. 5:** Plaintiff's fourth cause of action for CFRA interference fails as a matter of law because Plaintiff cannot establish that CVS interfered with or denied Plaintiff's right to CFRA leave.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 42. *See* Uncontroverted Fact Nos. 9-21 | 42. *See* Supporting Evidence for Uncontroverted Fact Nos. 9-21 |

**Noticed Issue No. 6:** Plaintiff's fifth cause of action for retaliation fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot identify evidence of a retaliatory motive in CVS's decision to extend Plaintiff's leave of absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 43. *See* Uncontroverted Fact Nos. 3-30. | 43. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-30. |

**Noticed Issue No. 7:** Plaintiff's fifth cause of action for retaliation fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-retaliatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional retaliation.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 44. *See* Uncontroverted Fact Nos. 3-8, 22-27. | 44. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-8, 22-27. |

**Noticed Issue No. 8:** Plaintiff's sixth cause of action for CFRA retaliation fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting paradigm in that Plaintiff cannot identify evidence of a retaliatory motive in CVS's decision to extend Plaintiff's leave of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

absence to provide additional time for her injuries to improve, rather than returning Plaintiff to work.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 45. *See* Uncontroverted Fact Nos. 3-30. | 45. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-30. |

**Noticed Issue No. 9:** Plaintiff's sixth cause of action for CFRA retaliation fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting paradigm in that she cannot offer specific, substantial evidence that CVS's stated legitimate, non-retaliatory reason for extending her leave of absence, instead of returning her to work, was in fact false and a cover up for intentional retaliation.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 46. *See* Uncontroverted Fact Nos. 3-8, 22-27. | 46. *See* Supporting Evidence for Uncontroverted Fact Nos. 3-8, 22-27. |

**Noticed Issue No. 10:** Plaintiff's seventh cause of action for failure to prevent discrimination and retaliation fails as a matter of law because Plaintiff cannot establish that she was subjected to discrimination and/or retaliation.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 47. *See* Uncontroverted Fact Nos. 1-30. | 47. *See* Supporting Evidence for Uncontroverted Fact Nos. 1-30. |

**Noticed Issue No. 11:** Plaintiff's eighth cause of action for failure to engage in a good faith interactive process fails as a matter of law because Plaintiff cannot establish that Defendant refused to participate in a good-faith interactive process to determine whether Plaintiff's alleged disability could be accommodated.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 48. *See* Uncontroverted Fact Nos. 9-30. | 48. *See* Supporting Evidence for Uncontroverted Fact Nos. 9-30. |

**Noticed Issue No. 12:** Plaintiff's ninth cause of action for failure to accommodate fails as a matter of law because Plaintiff cannot establish that Defendant refused to accommodate a known disability.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 49. *See* Uncontroverted Fact Nos. 9-30. | 49. *See* Supporting Evidence for Uncontroverted Fact Nos. 9-30. |

**Noticed Issue No. 13:** Plaintiff's thirteenth cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law because Plaintiff cannot prove the existence of an employment contract between her and CVS.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 50. On June 15, 2009, Plaintiff completed training course number 800008 titled "CVS Health Colleague Handbook" in which she acknowledged her at will status. | 50. Collier Decl., Ex. A. |

**Noticed Issue No. 14:** Plaintiff's thirteenth cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law because Plaintiff's employment with CVS was "at-will."

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 51. On June 15, 2009, Plaintiff completed training course number | 51. Collier Decl., Ex. A. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 800008 titled "CVS Health Colleague Handbook" in which she acknowledged her at will status. | |

**Noticed Issue No. 15:** Plaintiff's fourteenth cause of action for constructive discharge fails as a matter of law because CVS did not coerce or force Plaintiff's resignation in that the alleged conditions which prompted resignation were not sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 52. On January 17, 2019, Plaintiff resigned her employment. | 52. Collier Decl., Ex. E. |
| 53. *See* Uncontroverted Fact Nos.22-30. | 53. *See* Supporting Evidence for Uncontroverted Fact Nos.22-30. |

**Noticed Issue No. 16:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that any actions taken with respect to her employment were taken with fraud, malice, or oppression.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 54. *See* Uncontroverted Fact Nos. 22-30. | 54. *See* Supporting Evidence for Uncontroverted Fact Nos. 22-30. |
| 55. On or about May 31, 2018, Anthony Collier spoke with Reasonable Accommodation Partner Christine Arsenault via telephone about a set of medical restrictions | 55. Collier Decl. ¶ 19. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| submitted to the RA Dept by Plaintiff. The restrictions were as follows: sit 1 hour, stand 1 hour, repeat for 8-hour shift (the "May 2018 Restrictions"). | |
| 56. Collier determined that the May 2018 Restrictions were problematic because (1) the duration of seated time was not feasible with the WCW Process, and (2) Store 9512 was and is a high-volume pharmacy; based on the patient flow, there was and is simply no way to guarantee that a pharmacy employee can sit for one hour, uninterrupted – let alone 10 or 15 minutes. | 56. Collier Decl. ¶¶ 20-21. |
| 57. Collier ultimately determined that the issue with Plaintiff's restrictions – sitting for 1 hour at a time – was not her use of a stool; the issue was that the duration of seated time would prevent Plaintiff from fulfilling essential functions of her job and completing just her Primary assignments under the WCW process. | 57. Collier Decl. ¶ 22. |
| 58. Collier concluded that it would not be possible to accommodate Plaintiff's | 58. Collier Decl. ¶ 24. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| restrictions of sitting for 1 hour/standing for 1 hour. | |
| 59. On or about December 3, 2018, Collier spoke with Reasonable Accommodation Partner Lynne DeGuilio via telephone about a new set of medical restrictions submitted to the RA Dept by Plaintiff: "limit walking/standing to 30 minutes" (the "December 2018 Restrictions"). | 59. Collier Decl. ¶ 25. |
| 60. Collier concluded that Plaintiff would not be physically capable of performing the essential functions of the Pharmacy Technician position or adhering to the required WCW Process to frequently move between stations within the bounds of the December 2018 Restrictions. | 60. Collier Decl. ¶ 26. |
| 61. During the December 3, 2018, call, Collier discussed a possible opportunity for Plaintiff at a newly opened, lower volume store, if the duration of Plaintiff's stand/walk restriction was reduced enough that she could adequately work within the WCW Process (with the added benefit | 61. Collier Decl. ¶ 27. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| of working at a store that handled considerably fewer prescription and customers than Store 9512). Collier agreed to revisit the option in early 2019, upon receipt of Plaintiff's updated restrictions. | |
| 62. Ultimately, because December 2018 Restrictions were characterized as "temporary," Collier determined that it was appropriate to extend Plaintiff's leave of absence, to provide additional time for her injuries and restrictions to improve. | 62. Collier Decl. ¶ 28. |

**Noticed Issue No. 17:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that any wrongful conduct, if any occurred, was on the part of an officer, director, or managing agent of Defendant.

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| 63. From April 2014 through August 2019, Anthony Collier was a District Leader for CVS; he oversaw stores and pharmacies in Los Angeles, including Store No. 9512 in Whitter, California. | 63. Collier Decl. ¶¶ 3-4. |
| 64. At CVS, the District Leader position oversees approximately 15-20 | 64. Collier Decl. ¶ 3. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| **Uncontroverted Material Facts:** | **Supporting Evidence:** |
|---|---|
| CVS stores (front store and pharmacy) in a specific geographic area. | |

## II.
## CONCLUSIONS OF LAW

**Conclusions of Law Related to Noticed Issue Nos. 1, 3, 6, 8, 10:**

At the summary judgment stage, absent direct evidence of an intent to discriminate (or retaliate) based upon a protected characteristic, a plaintiff must proceed by way of the burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 354 (2000); *Harris v. City of Santa Monica*, 56 Cal.4th 203, 214 (2013). At step one, the plaintiff has the initial burden of offering evidence sufficient to support the *prima facie* elements of her claim(s).

To meet the initial *prima facie* burden for discrimination, a plaintiff must offer evidence sufficient to show: that (1) she was a member of a protected class (here, age and disability), (2) she was competently performing her job duties, and (3) she suffered an adverse employment action because of her protected status. *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 866 (2007) ("Plaintiff must show he was subjected to an adverse employment action because of his disability."); *Slatkin v. Univ. of Redlands*, 88 Cal. App. 4th 1147, 1158 (2001).

To meet the *prima facie* burden for retaliation, a plaintiff must offer evidence sufficient to show: that (1) she engaged in a protected activity, (2) she was subjected to a material adverse employment action, and (3) a causal link between the protected activity and the adverse employment action. *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1109 (2007).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

A plaintiff-employee must put forth evidence that her employer acted with a discriminatory or retaliatory motive. *Dokes v. Safeway, Inc.,* No. 2:15–cv–01157, 2018 WL 1518562 (E.D. Cal. Mar. 28, 2018) *citing Slatkin, supra,* 88 Cal App. 4th at 1158. ("Under FEHA, a plaintiff must show the employer acted with a discriminatory motive . . . by showing that circumstances surrounding the adverse action give rise to an inference of discrimination."); *Day v. Sears Holdings Corp*., 930 F. Supp. 2d 1146, 1161 (C.D. Cal. 2013) (A plaintiff "must prove by a preponderance of the evidence that there was a causal connection between her protected status and the adverse employment decision."); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 70 (2000) ("[e]ssential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982); *Gunther v. Washington County*, 623 F.2d 1303, 1316 (9th Cir. 1979).

<u>**Conclusions of Law Related to Noticed Issue Nos. 2, 4, 7, 9, 10**</u>:

If a plaintiff succeeds in proving her *prima facie* case, the burden shifts to the employer to articulate legitimate, nondiscriminatory, nonretaliatory reasons for the alleged adverse action. *See Guz*, 24 Cal. 4th at 355-56; *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011).

Legitimate reasons in this context are reasons that are facially unrelated to prohibited bias, and therefore, if true, would preclude a finding of discrimination or retaliation. *See Guz,* 24 Cal. 4th at 358. An employer's reasons, if honestly-believed and non-discriminatory/retaliatory on their face, may preclude a finding of discrimination/retaliation, even if such reasons are "foolish or trivial or baseless." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *Guz*, 24 Cal. 4th at 358 ("[I]f nondiscriminatory, Bechtel's true reasons need not necessarily have been wise or correct. While the objective soundness of an employer's proffered

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

reasons supports their credibility . . . , the ultimate issue is simply whether the employer acted with a motive to discriminate illegally.”).

“[A] defendant meets its resulting burden of production” at this second step “by introduc[ing] evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory [and nonretaliatory] reason for the adverse action.” *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (emphasis added).

At step three of the burden-shifting paradigm, the presumption of discrimination/retaliation disappears, and a plaintiff must prove—by a preponderance of the evidence—that a defendant’s offered reasons were in fact false and a cover up for intentional discrimination and/or retaliation. *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1735 (1994); *University of Southern California v. Superior Court*, 222 Cal. App. 3d 1028, 1039 (1990).

Importantly, a “plaintiff’s subjective beliefs in an employment discrimination case do not create a genuine issue of fact; nor do uncorroborated and self-serving declarations.” *King v. United Parcel Servs., Inc.*, 152 Cal. App. 4th 426, 433 (2007); *see also Diego v. City of L.A.*, 15 Cal. App. 5th 338, 356 (2017); *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1147 (9th Cir. 2017) (noting that an employee-plaintiff “‘must do more than establish a prima facie case and deny the credibility of [the employer-defendant’s] witnesses’”).

Creation of “only a weak issue of fact as to whether the employer’s reason was untrue” in the face of “uncontroverted independent evidence that no discrimination has occurred” will not suffice to defeat summary judgment. *See Guz*, 24 Cal. 4th at 362 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148-49 (2000)); *see also Loggins*, 151 Cal. App. 4th at 1113 (“[A]n employee

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

seeking to avoid summary judgment cannot simply rest on the prima facie showing, but must adduce substantial evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual.”). In other words, “summary judgment for the employer may . . . be appropriate where, given the strength of the employer’s showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred.” *Guz*, 24 Cal. 4th at 362; *but see Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009) (stating, in context of Title VII claim, that “[t]he amount of evidence required” to show that “there is a genuine dispute of material fact regarding pretext” is “minimal”).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**<u>Conclusions of Law Related to Noticed Issue Nos. 5, 11, 12</u>**:

The FEHA requires employers–under threat of civil action if noncompliant–to make reasonable accommodations for known disabilities of employees to enable them to perform the essential functions of their positions, unless doing so would produce an undue hardship to business operations. *See* Cal. Gov’t Code § 12940(m)(1) (“fail[ure of an employer] to make reasonable accommodation for the known physical or mental disability of an...employee” is an “unlawful employment practice,” excepting accommodations that would “produce undue hardship”).

Connected with the reasonable accommodation duty is the FEHA’s mandate that an employer engage in the “interactive process” or else face a charge of a different, but related, “unlawful employment practice.” *See* Cal. Gov’t Code § 12940(n) (providing that it is an “unlawful employment practice” for an employer “to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee . . . with a known physical or mental

disability or known medical condition”).

“[T]he interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identify[ing] an accommodation that allows the employee to perform the job effectively.” *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984 (2008) (quoting *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000)).

“Liability hinges on the objective circumstances surrounding the parties’ breakdown in communication, and responsibility for the breakdown lies with the party who fails to participate in good faith.” *Swanson v. Morongo Unified School Dist.*, 232 Cal. App. 4th 954, 971-72 (2014).

**Conclusions of Law Related to Noticed Issue Nos. 13, 14**:

The California Labor Code creates a *presumption* of at-will employment. Cal. Lab. Code § 2922

At-will statements in employee handbook and other documents establish a plaintiff-employee’s at-will status. *See Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 829 (2002) (upholding defense summary judgment based on at-will statements in employee handbook and other documents); *Horn v. Cushman & Wakefield W., Inc.*, 72 Cal. App. 4th 798, 819 (1999) (vague assurances that plaintiff would become a sales manager were not sufficient to create a triable issue as to the at-will nature of his employment).

Is a plaintiff-employee cannot establish the existence of a contract, the connected implied covenant theory must fail as well. *Horn,* 72 Cal. App. 4th at 820 (“Because we have found that summary judgment was properly granted on the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

ground that [plaintiff's] employment was at-will, he can state no claim either for breach of an employment contract or for breach of the implied covenant.").

**Conclusions of Law Related to Noticed Issue No. 15**:

To determine whether conditions were sufficient to establish constructive discharge, courts apply an objective standard. *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1239, 1246 (1994), *abrogated on other grounds by Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479 (1996).

A plaintiff must show that the conditions prompting resignation were "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job." *Id.*

"The resignation must be coerced, not merely a rational option chosen by the employee." *Id.* at 1247; *see also Mullins v. Rockwell Int'l Corp.*, 15 Cal.4th 731, 737 (1997) ("Constructive discharge occurs only when the employer coerces the employee's resignation, either by creating working conditions that are intolerable under an objective standard, or by failing to remedy objectively intolerable working conditions that actually are known to the employer.").

California law is well-settled that where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge. *Holmes v. Petrovich Dev. Co., LLC*, 191 Cal. App. 4th 1047, 1062, (2011) ("From an objective standpoint, the trial court correctly granted summary adjudication [because] where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

so intolerable that a reasonable person would leave the job.”).

**<u>Conclusions of Law Related to Noticed Issue Nos. 16, 17</u>**:

The California Civil Code defines malice as “an intent to cause injury to the plaintiff or despicable conduct taken with a willful and conscious disregard of the rights or safety of others.” CAL. CIV. CODE § 3294, subd. (c)(1).

Despicable conduct is conduct that is “so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people [and has been described as] having the character of outrage frequently associated with crime.” *Id.*

“Wrongful termination, without more, will not sustain a finding of malice or oppression.” *Scott v. Phoenix Sch., Inc.*, 175 Cal. App. 4th 702, 717 (2009).

Under California law, the “act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.” CAL. CIV. CODE § 3294.

DATED: March 14, 2022 PAYNE & FEARS LLP

By: */s/ Leilani E. Jones*
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100