Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani E. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIE BRAZELTON, an individual,

Plaintiff,

v.

CVS PHARMACY, INC., a Rhode Island Corporation; ANTHONY COLLIER, an individual; and DOES 1 - 100, inclusive;,

Defendants.

Case No. 2:20-cv-10604-DSF-AGR

**Hon. Dale S. Fischer**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Dale S. Fischer
Date: May 9, 2022
Time: 1:30 p.m.
Crtrm.: 7D

Trial Date: September 20, 2022

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. THE EVIDENCE CITED BY PLAINTIFF DOES NOT ESTABLISH THE PRESENCE OF A GENUINE DISPUTE ........ 3

A. Plaintiff's Eighth and Ninth Causes of Action Should Not Survive the Dispositive Motion Stage ........ 3

1. Plaintiff was required to, but did not, offer evidence of an accommodation that would have allowed her to perform the essential functions of the Pharmacy Tech position. ........ 3

2. Plaintiff was required to, but did not, offer evidence that CVS caused a breakdown in the interactive process. ........ 5

B. Plaintiff's First, Second, and Fifth Causes of Action Should Not Survive the Dispositive Motion Stage ........ 6

1. Plaintiff was required to, but did not, offer evidence of discriminatory/retaliatory motive. ........ 6

2. Plaintiff was required to, but did not, offer evidence of pretext. ........ 8

C. Plaintiff's Ancillary Factual Arguments Have No Evidentiary Support ........ 9

III. PLAINTIFF'S OPPOSITION CONCEDES THAT NO BREACH OCCURRED, AND THUS SHE CONCEDES HER THIRTEENTH CAUSE OF ACTION ........ 10

IV. PLAINTIFF'S OPPOSITION CONCEDES THAT COLLIER, ARSENAULT, SULLIVAN, AND DeGUILIO WERE NOT OFFICERS, DIRECTORS, OR MANAGING AGENTS OF CVS ........ 11

V. CONCLUSION ........ 12

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blincow v. MillerCoors, LLC*,
No. 2018 WL 3869162 (E.D. Cal. Aug. 15, 2018) .......... 14

*Buckingham v. United States*,
998 F.2d 735 (9th Cir. 1993) .......... 8

*Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*,
2 Cal. 4th 342 (1992) .......... 12

*Cruz v. HomeBase*,
83 Cal. App. 4th 160 (2000) .......... 13

*Foroudi v. Aerospace Corp.*,
57 Cal. App. 5th 992 (2020) .......... 9

*Frank v. Cty. of Los Angeles*,
149 Cal. App. 4th 805 (2007) .......... 9

*Holmes v. Petrovich Development Co., LLC*,
191 Cal.App.4th 1047 (2011) .......... 9

*Jackson v. Simon Property Group, Inc.*,
795 F.Supp.2d 949 (2011) .......... 6

*Jones v. FedEx Corp. Servs., Inc.*,
No. CV186026FMORAOX, 2020 WL 8025310 (C.D. Cal. Aug. 24, 2020) (Olguin, J.) .......... 7

*King v. United Parcel Serv., Inc.*,
152 Cal. App. 4th 426 .......... 9

*Loggins v. Kaiser Permanente Int'l*,
151 Cal. App. 4th 1102 (2007) .......... 10

*Mixon v. Fair Emp't & Housing Comm'n*,
192 Cal. App. 3d 1306 (1987) .......... 8

*Nealy v. City of Santa Monica*,
234 Cal. App. 4th 359 (2015) .......... 7

*Peebles v. Potter*,
354 F.3d 761 (8th Cir. 2004) ........ 8

*Slatkin v. Univ. of Redlands*,
88 Cal. App. 4th 864 (2007) ........ 10

*Tipton v. Airport Terminal Servs., Inc.*,
No. CV1809503ABJEMX, 2019 WL 4231235 (C.D. Cal. June 25, 2019) (Birotte, J.) ........ 7

*Weeks v. Union Pac. R.R. Co.*,
137 F. Supp. 3d 1204 (E.D. Cal. 2015) ........ 7

*White v. Ultramar, Inc.*,
21 Cal. 4th 563 (1999) ........ 13

**Statutes**

Cal. Civ. Code § 3294 ........ 13

Govt. Code sections 12940(m) and (n) ........ 8

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I. INTRODUCTION

In its Opening Motion, CVS established that, from March 2016 to January 2019, Plaintiff was physically unable to perform the functions required of a Pharmacy Technician ("Pharmacy Tech"):

1. For *twenty-six months*, Plaintiff's treating physician prohibited her from performing work of any kind and did not clear her to return to work. CVS accommodated Plaintiff with twenty-six months of continuous medical leave.

2. For the next eight months, Plaintiff was medically restricted from performing most of the essential functions of her job. CVS accommodated Plaintiff with eight more months of continuous medical leave.

3. In December 2018, CVS's Reasonable Accommodation ("RA Dept") informed Plaintiff of a potential opportunity in newly opened, lower volume store.

4. But before the RA Dept had a chance to evaluate Plaintiff's January 18, 2019 revised restrictions, she resigned her employment.

Additionally, CVS's Opening Motion cited several authorities addressing factual scenarios similar to the facts of *this* lawsuit, and *all of which* explain that providing (or extending) leave where an employee is temporarily, physically unable to do her job—as CVS did—cannot trigger liability on the part of the employer.

In opposition, Plaintiff failed to address/refute several critical issues. She failed to explain why it took her over five months to obtain simple clarification from her physician regarding her breaks. She failed to explain why—if it was so critical that she return to work as soon as possible—she waited months at a time to submit revised restrictions to the RA Dept. And she failed to explain why, after CVS specifically told her there may be an opportunity to return to work, she prematurely resigned. Instead, Plaintiff used her Opposition to assert several factual misrepresentations.

**Misrepresentation No. 1:** CVS "with[eld] information … about the work restrictions that would be acceptable to CVS." (Opp. 10:12-13.) False. The opposite is

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

true. The evidence shows that CVS repeatedly explained the *one* necessary clarification – how often she would need to sit. (*See* UF 23; 27.) And Plaintiff's own testimony shows that even she "did not know what the doctor want[ed]." (*See* UF 25.)

**Misrepresentation No. 2:** CVS was "unresponsive before Plaintiff's doctor appointments." (Opp., 10:13-14.) Not true. The evidence shows that CVS spoke with Plaintiff in the days leading up to, and day of, her appointments. (*See* UF Nos. 23, 25.)

**Misrepresentation No. 3:** "[N]o stools could be accommodated in the pharmacy area." Misleading. The evidence shows that "use of a stool" was *not* the problem. Rather, it was the duration of sitting which would have prevented Plaintiff from fulfilling essential functions of the Pharmacy Tech position. (UF 56-60.)

**Misrepresentation No. 4:** "CVS's refusal to accommodate [her] with a return to work was in part based on" Plaintiff "reach[ing] the highest possible rate of pay." Plaintiff is wrong. In 2018 and 2019, thousands of California Pharmacy Techs earned a higher rate of pay than Plaintiff (25% of the Pharmacy Tech workforce). (*See* Engstrom Decl., ¶¶ 2-3.)[1]

**Misrepresentation No. 5:** "Plaintiff's disability compliance expert has identified a large number of potential alternative job positions to which Plaintiff could have been reassigned. Grossly misleading. First, Plaintiff submitted no evidence of any supposed "alternative positions." In fact, the declaration of Plaintiff's rebuttal expert (Steve Monjaras) does not mention alternative positions – not once. Second, as a matter of law, the Monjaras declaration does not constitute proper rebuttal testimony, as it almost entirely affirmative expert testimony submitted in support of Plaintiff's case-in-chief—in particular, to manufacture factual disputes regarding the interactive process. Here, CVS's designated expert submitted a 2-page declaration which (1) quoted physical restrictions (prescribed by her physician) (2) identified the essential functions of the Pharmacy Tech position, and (3) conveyed Dr. Mortimer's

[1] The declaration of Tiffani Engstrom is cited throughout as "Engstrom Decl."



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

expert opinion that, based on those physicians' restrictions and a site visit to the pharmacy, Plaintiff could not perform tasks required of her as a Pharmacy Tech.

In contrast, the Monjaras Declaration addresses the interactive process between CVS and Plaintiff (*see* Dkt. 42), subject matter <u>not</u> addressed by CVS's expert.

**Misrepresentation No. 6:** "[M]oving between stations and standing/walking for sustained periods of time are [not] essential functions of the Pharmacy Technician position." (Opp., 14:21-22.) <u>Nonsense</u>. Plaintiff admitted that Pharmacy Techs were required follow workflow and move between stations (Pltf. Dep. at 44:10-19), and that she was not able to twist or turn her feet to move between stations. (UF 29.) Moreover, CVS's WeCARE Workflow Process ("WCW Process") (a process utilized nationwide and relied upon to make significant, company-wide operational decisions) *requires* Pharmacy Techs to rotate throughout all workstations, balance the requisite tasks of each workstation, be mobile and able to quickly pivot from one task in one location to another task in another location, and balance both customer facing and non-customer facing tasks. (UF 5-8.) The same is true of the Pharmacy Tech job description. (UF 4.)

Finally, to date, Plaintiff has not produced a single medical record or note which shows that she has physically recovered enough to perform essential functions of the Pharmacy Tech position. In fact, her condition is worse. (*See* UF 31-34.)

Accordingly, as explained below and in CVS's Opening Motion, CVS respectfully requests that the Court grant summary judgment, in full.

## II. <u>THE EVIDENCE CITED BY PLAINTIFF DOES NOT ESTABLISH THE PRESENCE OF A GENUINE DISPUTE</u>

### A. <u>Plaintiff's Eighth and Ninth Causes of Action Should Not Survive the Dispositive Motion Stage</u>

#### 1. <u>Plaintiff was required to, but did not, offer evidence of an accommodation that would have allowed her to perform the</u>

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**essential functions of the Pharmacy Tech position.**

In its Opening Motion, CVS established that Plaintiff was medically prohibited (by her own treating physicians) from performing several of the essential physical functions of the Pharmacy Tech position. These include:

| Essential Function | Physical Restriction |
|---|---|
| Remaining upright for a sustained period of time to process medication at the production station. (UF 3-8.) | "Sit stand at will for pain" (UF 22.)<br>"Unable to stand or walk > 30 mins. Must sit/stand at will." (UF 26.) |
| Moving around quickly on foot, between any of five different stations, on demand. (UF 3-8.) | "Sit stand at will for pain" (UF 22.)<br>"Take breaks as needed" (UF 24.)<br>"Unable to stand or walk > 30 mins. Must sit/stand at will." (UF 26.) |
| Walking between assigned station and front of pharmacy to assist with any backup of patients at pick-up. (UF 3-8.) | "Sit stand at will for pain" (UF 22.)<br>"Take breaks as needed" (UF 24.)<br>"Unable to stand or walk > 30 mins. Must sit/stand at will." (UF 26.) |
| Selecting or returning medication from pick-up, attending to patients at the register, and then returning to production. (UF 3-8.) | "Sit stand at will for pain" (UF 22.)<br>"Take breaks as needed" (UF 24.)<br>"Unable to stand or walk > 30 mins. Must sit/stand at will." (UF 26.) |
| Walking from the drive-thru window throughout pharmacy to select or return medication for patients. (UF 3-8.) | "Sit stand at will for pain" (UF 22.)<br>"Take breaks as needed" (UF 24.)<br>"Unable to stand or walk > 30 mins. Must sit/stand at will." (UF 26.) |
| Accessing, storing, or inventorying product on shelves throughout the pharmacy. (UF 3-8.) | "Unable to stand or walk > 30 mins. Must sit/stand at will." (UF 26.) |

In response, Plaintiff does not dispute that her physical restrictions were incompatible with the above functions. Rather, she disagrees with CVS's determination of what is or is not an essential function. As a matter of law, courts do not consider the employee-plaintiff's opinion of what should and should not be deemed an essential function. A "plaintiff's subjective belief as to what a job's essential functions are comprised of is not evidence." *Jackson v. Simon Property Group, Inc.*, 795 F.Supp.2d 949, 961 (2011).

Moreover, Plaintiff's argument is unsupported by the evidence and common sense. She identifies two functions she believes should not be considered essential: (1) "moving between stations" and (2) "standing/walking for sustained periods."

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

(Opp. 14:21-22.) These are truly the utmost essential physical functions of the position. In her own words, Plaintiff regularly performed these key functions throughout the pharmacy: "Help[ing] customers"; "[handling] insurance problems, faxing doctors, calling doctors for refills"; "putting drugs away"; "running the cashier"; "handing out prescriptions"; "working drive-thru"; inventorying "expires" (expired medication). (Pltf. Dep. at 38:16-39:13; *see also* UF 3-8.) And as explained, both the WCW Process and Pharmacy Tech job description *require* Pharmacy Techs to balance all of these tasks while rotating throughout the workstations and quickly pivot from one task in one location to another task in another location. (*See* UF 4-8.)

**2. <u>Plaintiff was required to, but did not, offer evidence that CVS caused a breakdown in the interactive process.</u>**

An objective review of the evidentiary record shows that CVS's interactive process efforts were frequent, timely, and carried out in good faith. In fact, by any measure CVS met its obligation to "to keep communications open" and "engage in good faith." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015).

During the eight-month period between May 2018 and January 2019, CVS communicated with Plaintiff every other week, on average. Importantly, Plaintiff's Opposition does not cite a single authority which states (or even suggests) that that these efforts fall short of California's interactive process requirements. Indeed, no such authorities exist. Rather, under California law, to establish an interactive process failure, a plaintiff must prove that the employer ultimately caused a breakdown in communication. *See, e.g., Weeks v. Union Pac. R.R. Co.*, 137 F. Supp. 3d 1204, 1229 (E.D. Cal. 2015) (employer ignored employee's multiple accommodation requests); *Jones v. FedEx Corp. Servs., Inc.*, No. CV186026FMORAOX, 2020 WL 8025310, at *9 (C.D. Cal. Aug. 24, 2020) ("there is no evidence of any discussions between FedEx and plaintiff…Far from a good-faith, interactive process, the record indicates that FedEx engaged plaintiff

sporadically with boilerplate letters.") (Olguin, J.); *Tipton v. Airport Terminal Servs., Inc.*, No. CV1809503ABJEMX, 2019 WL 4231235, at *10 (C.D. Cal. June 25, 2019) (employer never asked employee about physical limitations) (Birotte, J.).

Here, no such interactive process failures occurred. Plaintiff's best—and only—argument is that CVS should have told Plaintiff what her doctor needed to write on the RAQ in place of her actual (legitimate) medical restrictions. This "tell me what you need to see, and I'll have my doctor write it" concept is dangerous, irresponsible, and antithetic to the legislative intent of California interactive process laws.

**B. <u>Plaintiff's First, Second, and Fifth Causes of Action Should Not Survive the Dispositive Motion Stage</u>**

**1. <u>Plaintiff was required to, but did not, offer evidence of discriminatory/retaliatory motive.</u>**

"To prevail under a disparate treatment theory," as Plaintiff must to do here, "[the] employee must show that the employer harbored a discriminatory [or retaliatory] intent." *Mixon v. Fair Emp't & Housing Comm'n*, 192 Cal. App. 3d 1306, 1316 (1987). Specifically, in the context of *this* matter, Plaintiff must show that CVS treated her differently than similarly situated employees who did <u>not</u> belong to the same protected class as her.

Plaintiff's Opposition offers two arguments (without supporting evidence): (1) "the conduct of CVS's RA Dept was repeatedly unreasonable" (Opp. 17:12-19), and (2) "Plaintiff had reached the highest possible rate of pay. (Opp. 17:24.) For several reasons, neither argument is viable.

First, Plaintiff's accommodation argument ("the conduct of CVS's RA Dept was repeatedly unreasonable") does not fit within the disparate treatment framework because, of course, a similarly situated employee who does not belong to the same protected class as Plaintiff could not exist in this context – as *that* employee would not be disabled and thus would not need an accommodation.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Second, Plaintiff's accommodation argument does not fit within the disparate treatment framework for the additional reason that it does not turn on intent/motive, a required *prima facie* element for disparate treatment claims. *Buckingham v. United States*, 998 F.2d 735, 739-741 (9th Cir. 1993); *see also Peebles v. Potter*, 354 F.3d 761, 766–67 (8th Cir. 2004) ("claim against an employer for failing to reasonably accommodate a disabled employee does not turn on the employer's intent or actual motive"); *see also* Calif. Fair Housing and Public Accommodations § 1:9 (same). Rather, the remedies for Plaintiff's accommodation allegations are limited to Govt. Code sections 12940(m) and (n).

Third, Plaintiff's age-related argument—that a similarly situated *younger* employee (i.e., younger employee with similar disabilities) would have been brought back to work and accommodated—is based on a demonstrably false theory. According to Plaintiff, CVS refused to return her to work because she had "reached the highest possible rate of pay." (Opp. 17:22-27.) Plaintiff is wrong. In 2018 and 2019, 25% of Pharmacy Techs in California were compensated at a higher rate of pay than Plaintiff. (Engstrom Decl., ¶¶ 2-3.) And 90% of those higher-wage-earners remain current CVS employees as of the date of this Reply Memorandum. (*Id.*) Indeed, the only two employees who worked as Lead Pharmacy Techs at Store 9512 after Plaintiff's departure were compensated at significantly higher pay rates than Plaintiff. (*Id.* at ¶ 4.) The employee who specifically took over Plaintiff's responsibilities was nearly 50 at the time, certainly not "significantly younger." (*Id.*)

Finally, CVS would be remiss if it did not point out that Plaintiff's Opposition fails to even allege an adverse employment action, let along provide evidence of one. *See Holmes v. Petrovich Development Co., LLC*, 191 Cal.App.4th 1047, 1063 (2011) (An ' "adverse employment action," ' …, requires a 'substantial adverse change in the terms and conditions of the plaintiff's employment'.").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**2. Plaintiff was required to, but did not, offer evidence of pretext.**

To defeat summary judgment, Plaintiff was required to prove—by a preponderance of the evidence—that CVS's legitimate reasons were false, offered as an excuse to get away with intentional discrimination/retaliation. *Frank v. Cty. of Los Angeles*, 149 Cal. App. 4th 805, 823 (2007). At this third stage of the burden-shifting paradigm, a "plaintiff's subject beliefs … do not create a genuine issue of fact; nor do uncorroborated and self-serving declarations." *Foroudi v. Aerospace Corp.*, 57 Cal. App. 5th 992, 1008 (2020); *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 433 6(2007). But here, Plaintiff attempts to do just that – satisfy her burden at stage with nothing more than her own speculation. Specifically, she (1) argues that CVS's RA Dept "acted unreasonably" (Opp. 18:14-15), (2) disputes the accuracy of the Pharmacy Tech job description (Opp. 18:16-17), and (3) asserts that the RA Dept should have proceeded with an ergonomic evaluation *prior* to her returning to work. (Opp. 18:23-23.)

These arguments are nothing more than a repeat of Plaintiff's accommodation allegations; arguments that lack the required intent element. *See Slatkin v. Univ. of Redlands,* 88 Cal. App. 4th 864, 866 (2007). And when juxtaposed again CVS's uncontroverted legitimate reasons; reasons that are objectively unrelated to prohibited bias, Plaintiff's theory simply does not hold up. *Guz*, 24 Cal.4th at 362 ("a weak issue of fact as to whether the employer's reason was untrue" when up against "uncontroverted independent evidence that no discrimination [or retaliation] occurred" will not suffice to defeat summary judgment); *see also Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1113 (2007) ("[A]n employee seeking to avoid summary judgment cannot simply rest on the prima facie showing, but must adduce substantial evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual."). In other words, "summary judgment for the employer may . . . be appropriate where, given

the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred." *Guz*, 24 Cal. 4th at 362.

### C. Plaintiff's Ancillary Factual Arguments Have No Evidentiary Support

Plaintiff devotes a significant portion of her Opposition attempting to advance factual arguments devoid of evidentiary support, and in many cases directly contradicted by the record. CVS addresses several of these arguments below.

| | |
|---|---|
| **Opp. at 10:13-14:** The RA Dept. was "repeatedly unresponsive before Plaintiff's doctor's appointments." | **False.**<br>▪ RA Partner Arsenault spoke with Plaintiff on May 14, 2018 – the day before Plaintiff's doctor appointment. (UF 23.)<br>▪ RA Partner Tracy Sullivan spoke with Plaintiff on July 17, 2018 – one week before her doctor's appointment. (UF 25.)<br>▪ Sullivan spoke with Plaintiff again on July 24, 2018 – one day before her doctor appointment. (UF 25.) |
| **Opp. at 5:27-6:1:** The RA Dept "informed Plaintiff ... that no stools could be accommodated in the pharmacy." | **False**. The RA Department informed Plaintiff that CVS could not accommodate the prescribed duration of sitting. (UF 23.) The evidence shows that "use of a stool" was *not* the problem. Rather, it was the duration of seated time, which would have prevented Plaintiff from fulfilling essential functions of the Pharmacy Tech position. (UF 56-60.) |
| **Opp. at 6:15-18: "**Plaintiff informed [the RA Dept] that she would be fine returning to work with the accommodation of taking a fifteen (15) minute break every two (2) hours." | **False**. The evidence shows that on 07/17/18 (the date Plaintiff claims to have informed the RA Dept), Plaintiff told the RA Dept. that she "[did] not know what [her] doctor wants." (UF 25.) |
| **Opp. at 8:5-6:** Plaintiff was "denied an orthotics evaluation requested by her doctor." | **False**. Plaintiff never requested orthotics through the RA Dept. (*See* UF 22, 24, 26, 28.) Plaintiff is mistakenly referring to her workers' compensation claim. |
| **Opp. at 14:8-9:** "Ms. Rivera confirmed she used a stool at will as a Pharmacist at CVS Store 9512;" See also Plaintiff's Statement of | The River and Madrigal declarations lack foundation and are irrelevant. They do not attach copies of their respective alleged |





PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| | |
|---|---|
| Genuine Disputes, paragraph 4, citing paragraph 8 of the Madrigal Declaration which states: "While working in the pharmacy, I requested a stool as an accommodation for my disability. | doctor's notes, do not state when during their employment the notes were provided, do not state the duration of the accommodation requests in the notes, do not state how often during a typical shift they needed to sit, and do not state to whom at CVS the notes were provided. Importantly, neither declaration alleges that Rivera or Madrigal sought the alleged accommodations via CVS's Reasonable Accommodation Department, as required by company policy. In fact, exhibits B – E to the Engstrom Decl. are the complete accommodation files for Rivera and Madrigal, including medical records, doctor's notes, and Salesforce records. Neither file includes reference to use of a stool.[2] |
| **Opp. at 14:12-14:** "Plaintiff's expert Mr. Monjaras stated that Plaintiff should have been given the opportunity to return to work with a stool like other pharmacy employees subject to the WCW Process." | The Monjaras declaration is improper rebuttal testimony, as it is almost entirely affirmative expert testimony submitted in support of Plaintiff's case-in-chief—in particular, to manufacture factual disputes regarding the interactive process. |
| **Plaintiff's Statement of Genuine Disputes, Para. 4:** "Ms. Madrigal also stated that she was accommodated at Store 9512 with reassignment work in the front of the store as a greeter, cashier, and straitening in approximately 2017." | This is false. In fact, exhibits B – D to the Engstrom Decl. are the complete accommodation files for Madrigal. They show that she was on a continuous leave of absence for the entirety of 2017, until she apparently resigned. Even if Madrigal had been on reassignment (she was not), this would be administered through CVS's workers' compensation "Temporary Restricted Duty" program (not the RA Dept), a program available to eligible colleagues for a maximum of eight (8) weeks at the outset of their workers' compensation case. (Engstrom Decl. Ex. A.) |

## III. PLAINTIFF'S OPPOSITION CONCEDES THAT NO BREACH OCCURRED, AND THUS SHE CONCEDES HER THIRTEENTH CAUSE OF ACTION

To establish the *prima facie* elements of her implied covenant claim, Plaintiff

[2] At best, Rivera and Madrigal failed to follow company policy and submit their accommodation requests to the RA Dept. At worst, their testimony is misleading/dishonest.

was required to, but did not, identify a breach of the implied covenant of good faith and fair dealing. *See Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992) (must show conduct "contrary to the contract's purposes and the parties' legitimate expectations"); CACI 325 (essential element of claim is specific conduct by defendant that prevented receipt of benefits under the contract). Yet Plaintiff's *entire* implied covenant argument (comprised of two sentences) argues only that: "[A] collective bargaining agreement existed between Defendant CVS and the UFCW Local [324] of which Plaintiff was a member. Because there is an enforceable employment contract between Plaintiff and Defendant CVS, the motion should be denied." (Opp. 21:6-9.)

Plaintiff does not allege that the CBA was somehow violated. Plaintiff does not allege that the CBA was somehow not followed. And Plaintiff does not explain how the CBA supports her implied covenant theory. Accordingly, the Court should dismiss Plaintiff's thirteenth cause of action.

## IV. PLAINTIFF'S OPPOSITION CONCEDES THAT COLLIER, ARSENAULT, SULLIVAN, AND DeGUILIO WERE NOT OFFICERS, DIRECTORS, OR MANAGING AGENTS OF CVS

Plaintiff does not offer evidence showing (or even suggesting) that Collier, Arsenault, Sullivan, and DeGuilio were officers, directors, or managing agents of CVS for the purposes of imposing punitive damages. Instead, she argues that "by adher[ing] or failing to adhere to corporate policies [when] making decisions about Ms. Brazelton, [their decisions] resulted in an ad hoc formulation of corporate policy. (Opp. 22:10-12.) This is, of course, not the law. If it were, *every single employee* with any type of supervisory role would be deemed a managing agent by simply following (or failing to follow) a company policy. *See White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (1999) ("the Legislature intended the term 'managing agent' to include only those corporate employees who…ultimately determine corporate policy.") As a matter of law, because Plaintiff has failed to show that any

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

alleged "fraud" occurred on the part of an officer, director, or managing agent, her punitive damages claim cannot survive summary judgment. Cal. Civ. Code § 3294; *see also Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000) (explaining the reason for this statutory requirement); *White v. Ultramar, Inc*., 21 Cal. 4th 563, 566-67 (1999) ("*Ultramar*").

Moreover, Plaintiff's understanding of Section 3294's malice requirement is off the mark. According to Plaintiff, if she can "demonstrate [a] triable issue" for any underlying statutory claim, her punitive damages claim must necessarily survive summary judgment. But like Plaintiff's officer/director/managing agent argument, this is not the law. *See Blincow v. MillerCoors, LLC*, No. 2018 WL 3869162, at *5 (E.D. Cal. Aug. 15, 2018) ("For a punitive damages request to survive summary judgment, there must be evidence from which a reasonable juror could find, by clear and convincing evidence, the discriminatory acts were committed with oppression, fraud, or malice.").

## V. **<u>CONCLUSION</u>**

For all of the foregoing reasons, CVS respectfully requests that this Court grant summary judgment, in full.

DATED: April 25, 2022 PAYNE & FEARS LLP

By: */s/ Andrew K. Haeffele*
Andrew K. Haeffele
Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100