Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani E. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE BRAZELTON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; ANTHONY COLLIER, an individual; and DOES 1 - 100, inclusive;,<br><br>    Defendants. | Case No. 2:20-cv-10604-DSF-AGR<br><br>**Hon. Dale S. Fischer**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CVS PHARMACY, INC. TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF OBTAINING SOCIAL SECURITY DISABILITY BENEFITS INFORMATION**<br><br>*[Filed concurrently with Notice of Motion; Declaration of Leilani E. Jones and [Proposed] Order]*<br><br>Date:    October 31, 2022<br>Time:    1:30 p.m.<br>Crtrm.:  7D<br><br>Trial Date:    None |

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. INTRODUCTION .................................................................................... 1

II. STATEMENT OF FACTS ....................................................................... 2

    A. CVS Timely Served Discovery Requesting *all* Sources of Income ........................................................................................... 2

    B. On the Final Day of Discovery, Plaintiff Produced a One-Page Letter from the SSA Confirming Plaintiff's Monthly SSDI Benefits .......................................................................................... 3

    C. To Qualify for Social Security Disability Benefits, Plaintiff Had to Provide Documentation Meeting the Strict Definition of Disability ........................................................................................ 4

    D. Plaintiff has Actively Prevented CVS from Obtaining the SSDI Benefits Documents ...................................................................... 5

    E. The Court Ordered Plaintiff to Provide an "Explanation" for Her Conflicting Representations to the SSA and CVS, and She Failed to Do So .......................................................................................... 6

III. ARGUMENT ............................................................................................ 7

    A. Good Cause Exists to Reopen Discovery ................................... 7

IV. CONCLUSION ....................................................................................... 11

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-i-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES

# TABLE OF AUTHORITIES

**Page**

**Cases**

**Federal Cases**

*City of Pomona v. SQM North America Corp.*,
  866 F.3d 1060 (9th Cir. 2017) ................................................................. 7

*Cleveland v. Policy Mgmt. Sys. Corp.*,
  526 U.S. 795 (1999) ................................................................................ 6

*Costantino v. David M. Herzog, M.D., P.C.*,
  203 F.3d 164, 53 Fed. R. ........................................................................ 8

*Goodman v. Praxair Servs., Inc.*,
  623 F. Supp. 2d 494 (D. Md. 2009) ....................................................... 3

*Growers v. El Dorado Orchards, Inc.*,
  No. 2:17*cv-02085-TLN-CKD, 2022 WL 3578616 (Aug. 19, 2022 E.D. Cal.) ................................................................................................. 9

*United States v. Hankey*,
  203 F.3d 1160 (9th Cir. 2000) ................................................................ 8

*Landes v. Skil Power Tools*,
  No. 2:12-cv-01252-MCE-KJN, 2013 WL 6859837 (E.D. Cal. Dec. 20, 2013) ................................................................................................ 11

*Moreno v. Autozome, Inc.*,
  No. C-05-4432 CRB, 2009 WL 906510 (N.D. Cal. Apr. 1, 2008) ........ 3

*Rimbert v. Eli Lilly & Co.*,
  647 F.3d 1247 (10th Cir. 2011) ............................................................ 11

*Soto v. City of Sacramento*,
  No. 2:19-cv-00910-TLN-DB, 2021 WL 2402524 (E.D. Cal. June 11, 2021) ................................................................................................ 11

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) ................................................................................ 7

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

Fed. R. Civ. P. 26(b)(1) ................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion, CVS seeks an order reopening discovery for the limited purpose of obtaining information and documents related to Plaintiff's application for, and receipt of, Social Security disability insurance benefits ("SSDI Benefits"). To date, Plaintiff (1) refuses to provide any documents related to her SSDI benefits; (2) refuses to disclose the name of the attorney who assisted her in obtaining those benefits; and (3) refuses to execute Social Security's *required* acknowledgement to release her records (indeed the SSA explicitly rejected CVS's attempt to serve a subpoena for lack of Plaintiff's signed authorization (*see* Jones Decl., Ex. I.)).

For several reasons, good cause exists to reopen discovery for this limited, but important, purpose:

(1) Plaintiff *could not have* obtained SSDI Benefits without submitting supporting documentation and attesting under oath that she was unable to perform her job as a pharmacy technician *and* unable to perform any other job.

(2) Despite this Court's August 22, 2022, directive that Plaintiff "at the very least … submit something in writing under oath" to explain Plaintiff's diametrically opposing representations, Plaintiff ignored the Court's Order and submitted a one-line declaration "on information and belief" with fails to provide a credible explanation. (*See* ECF No. 118.)

(3) Plaintiff is actively preventing CVS from obtaining the SSDI Benefits documents. She won't provide them informally, refuses to disclose the contact information for her Social Security Administration ("SSA") attorney, and will not cooperate to execute the SSA's *required* acknowledgement for release of her records so CVS can subpoena the documents. (*See, e.g.*, Suppl. Decl. of Leilani E. Jones in Supp. Of Mot. In Limine No. 5, Ex. B (Dkt. No. 112) ("Suppl. Jones Decl. ISO MIL 5"). Indeed, on September 2, 2022, the SSA <u>rejected</u> CVS's attempt to

subpoena Plaintiff's SSDI records for lack of this signed authorization. And as evidenced by her recent supplemental brief (Dkt. No. 117), Plaintiff is withholding *all* evidence of her SSDI Benefits, and *all* documents related to her SSA application.

(4)  Plaintiff failed to produce the requested documents and information during the fact discovery period. In March 2021, CVS requested documents and information regarding *any* source of income Plaintiff received after her employment with CVS. She did not disclose documents related to Social Security benefits. She did not produce any information suggesting she had received such benefits. Instead, on the final day of fact discovery, Plaintiff produced a single page of a multiple-page letter from the SSA showing she has been in receipt of SSDI Benefits. This revelation was significant because the SSA's *mandatory* requirement that benefits applicants attest that they *cannot perform any work* stands in stark contrast to her representations in *this* case that she was physically able to perform the essential functions of her pharmacy technician position.

Plaintiff's conduct makes clear that judicial relief is required to address this critical issue.

CVS therefore respectfully requests that the Court grant the present motion and (1) reopen discovery for the limited purpose of obtaining documents related to Plaintiff's application for, and receipt of, SSDI Benefits; (2) order Plaintiff to provide CVS the name of her Social Security attorney; and (3) order Plaintiff to execute the SSA's required acknowledgment to release records related to her SSA application.

## II.  STATEMENT OF FACTS

### A.  CVS Timely Served Discovery Requesting *all* Sources of Income

On March 2, 2021, CVS Served its first set of Requests for Production on Plaintiff (the "RFPs"). (Jones Decl. ¶ 3, Ex. A.) Request No. 14 sought "[a]ll DOCUMENTS that show any sources of income that you have received [ ] since March 22, 2019." (*Id.*) In addition, the RFPs instructed Plaintiff with respect to lost

-2-

or destroyed documents, as follows:

> In the event that any DOCUMENT or ESI called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT or ESI is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ESI.

(*Id.* at 4 ¶ 5.) Plaintiff served her initial responses to the RFPs on April 23, 2021, and her supplemental responses to the RFPs approximately a year later, on April 11, 2022. (Jones Decl. ¶ 4, Ex. B; ¶ 5, Ex. C.) In these responses, Plaintiff did not object to either Request No. 14 or the instruction above regarding the destruction of evidence. Instead, Plaintiff responded that she had produced documents in response to Request No. 14 in both her initial and supplemental responses. (*Id.*)

At no point did counsel for Plaintiff advise CVS that documents responsive to Request No. 14 had been lost or destroyed. But Plaintiff's counsel *admitted*: "We reached out to [Plaintiff's] SS attorney and the file had already been destroyed." (Jones Decl., Ex. F.) Plaintiff's counsel had an obligation to preserve this evidence or, at minimum, timely notify CVS that it had been destroyed by a third party. *See, e.g., Goodman v. Praxair Servs., Inc.,* 623 F. Supp. 2d 494, 514 (D. Md. 2009) ("Parties to litigation are deemed to be in 'control' of information to which they have access or the legal right to obtain, even if it is actually in the possession, custody, or control of a third party."); *Moreno v. Autozome, Inc.*, No. C-05-4432 CRB, 2009 WL 906510, at *1 (N.D. Cal. Apr. 1, 2008) (same).

### B. On the Final Day of Discovery, Plaintiff Produced a One-Page Letter from the SSA Confirming Plaintiff's Monthly SSDI Benefits

On April 11, 2022, the last day of the fact discovery period, Plaintiff produced approximating 100 pages of documents not previously produced--the same day as the deadline for discovery motion hearings. (*See* Dkt. No. 34 (Scheduling Order).) The final page of Plaintiff's April 11 production was a single page

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES

document titled Benefit Verification Letter from the SSA describing Plaintiff's SSDI benefit (the "Benefit Verification Letter"). According to the Benefits Verification Letter, Plaintiff has been receiving monthly SSDI Benefits for years, based on a finding that she became disabled in July 2016. (*Id.*) This was (and remains) the only document in the discovery record that relates in any way to Plaintiff's receipt of SSDI Benefits. (*Id.*)

### C. To Qualify for Social Security Disability Benefits, Plaintiff Had to Provide Documentation Meeting the Strict Definition of Disability

The SSA sets strict standards for qualifying for SSDI. It has an established, five-part test for this very purpose (*See* Dkt. No. 78 ("Request for Judicial Notice"), Ex. A, at pp. 6-8.) Only after *all* of these conditions are met can a claimant qualify for SSDI Benefits:

**1. Are you working?** If you're working and your earnings average more than a certain amount each month, you generally won't be considered to be disabled.

**2. Is your medical condition "severe"?** For you to be considered to have a disability by Social Security's definition, your medical condition must significantly limit your ability to do basic work activities — such as lifting, standing, walking, sitting, and remembering — for at least 12 months. If your medical condition isn't severe, you won't be considered to be disabled. If your condition is severe, the agency staff begins step three.

**3. Does your medical condition meet or medically equal a listing?** Our listing of impairments describes medical conditions that we consider severe enough to prevent a person from doing any gainful activity, regardless of age, education, or work experience.

**4. Can you do the work you did before?** At this step, the state agency decides if your medical condition(s) prevents you from performing any of your past work. If it doesn't, agency staff decide you don't have a qualifying disability. If it does, the state agency proceeds to step five.

**5. Can you do any other type of work?** If you can't do the work you did in the past, agency staff look to see if there's other work you can do despite your medical condition(s). The state considers your age, education, past work experience, and any skills you may have that could be used to do other work. If you can't do other work, the state agency decides that you're disabled. If you can do other work, you don't have a qualifying disability. (*Id.*)

An applicant must answer questions 4 and 5 in the <u>negative</u> to qualify for SSDI benefits. In other words, in order for Plaintiff to qualify for the SSDI Benefits she has been receiving for years now, she had to represent to the SSA under penalty of perjury that:

- She was totally unable to perform *any* of her past work; and
- She was totally unable to perform *any* other type of work.

### D. <u>Plaintiff has Actively Prevented CVS from Obtaining the SSDI Benefits Documents</u>

On July 29, 2022, Plaintiff identified the Benefit Verification Letter as a trial exhibit. (Jones Decl. ¶ 8.) That same day, counsel for CVS met and conferred with Plaintiff's counsel and verbally requested a copy of the full letter (as it appeared incomplete) as well as a copy of Plaintiff's Social Security file. (*Id.* ¶ 9.) Counsel for CVS followed up on this request in writing on August 1, 2022. (*Id.* ¶ 10, Ex. F.) On August 1, 2022, Plaintiff's counsel responded stating, "[w]e don't have anything other than the letter. We reached out to [Plaintiff's] SS attorney and the file had already been destroyed." (*Id.*) This was the first CVS had learned that documentation relating to Plaintiff's receipt of SSDI benefits had been lost or destroyed. (*Id.*)

In an effort to follow up on the destruction of these materials, counsel for CVS requested the contact information for Plaintiff's Social Security attorney on August 1, 2022, August 2, 2022, and August 11, 2022. (*Id.* ¶ 11, Ex. G.) On August 12, 2022, counsel for Plaintiff responded, "I don't believe we have an obligation to

provide this information [the attorney's name] at this time." (*Id.*)

On August 17, 2022, CVS served a document subpoena on the SSA seeking Plaintiff's SSA application and correspondence related thereto. (*Id.* ¶ 14, Ex. H.)

On September 9, 2022, the SSA specifically informed CVS that, as a matter of policy, they would not honor a document subpoena absent a written consent from Plaintiff to release this information. (*Id.* ¶ 15, Ex. I.)

### E. The Court Ordered Plaintiff to Provide an "Explanation" for Her Conflicting Representations to the SSA and CVS, and She Failed to Do So

Unable to obtain additional discovery into Plaintiff's receipt of SSDI Benefits, CVS moved *in limine* for an order precluding Plaintiff from offering evidence that she was physically able to return to work for CVS in light of her representations to the SSA that she was completely disabled and unable to perform any job. (*See* Dkt. No. 76). The Court heard this, and other party motions *in limine* during its pretrial conference on August 22, 2022. During the hearing, the Court directed Plaintiff's counsel to "at the very least … submit something in writing under oath" explain Plaintiff's diametrically opposing representations. (Reporter's Transcript of Hearing, 17:12-14.) Plaintiff utterly failed to do so. Under the applicable Supreme Court standard established in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999), Plaintiff failed to proffer sufficient (or any facts) for her contradictory representations.

Rather, Plaintiff offered only a cursory statement regarding her receipt of SSDI benefits: "[b]ased upon information and belief, at no time did I state or agree with any statement I that was unable to return to work as a pharmacy technician with the provision of accommodation." (Declaration of J. Brazelton in Support of Supp. Br. (Dkt. No. 118) ¶¶ 4–5.) Plaintiff's sworn statement about what she **believes** she **did not** state, however, fails to provide the most basic information underlying her claim for SSDI Benefits including her application, the basis for her

-6-

application, her correspondence with the SSA, and any information about her representations or submissions made in support of these efforts. Save for the single page document produced to CVS on the discovery cutoff, the record on this question is, and remains, nearly blank.

## III. ARGUMENT

### A. Good Cause Exists to Reopen Discovery

Upon a showing of good cause, discovery deadlines may be modified and the discovery period may be reopened. Fed. R. Civ. P. 16(b)(4). Whether to extend or reopen discovery is within the discretion of the trial court. *Id.*; *see also City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). The Ninth Circuit has identified a number of factors for district courts to consider when deciding a motion to reopen discovery, namely: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona*, 866 F.3d at 1066.

Here, the balance of the factors weighs strongly in favor of reopening discovery for the limited purpose of conducting discovery into Plaintiff's receipt of SSDI benefits.

**1. Trial is *not* imminent.** On August 22, 2022, the Court vacated the trial date.

**2. Plaintiff will not be prejudiced by this narrowly tailored discovery.** Although Plaintiff's counsel informed CVS that it intends to oppose CVS's, counsel could not identify any material prejudice that Plaintiff would suffer if the limited discovery is permitted. Plaintiff would not suffer any "delay-related" prejudice (there is no pending trial date). And Plaintiff would not suffer any "effort/expense-

-7-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES

related" prejudice (CVS will be responsible for the effort and expense, as Plaintiff's counsel has already represented: "We don't have anything other than the letter.")

Plaintiff's argument, in sum, is that her representations to the SSA and her receipt of SSDI Benefits are substantively problematic for her case. They probably are. But the fact that evidence is *bad* for a party's arguments does not render it *prejudicial*. Nor is that an appropriate reason to blockade discovery. Whether information is discoverable does not turn on whether it is potentially prejudicial. *See* Fed. R. Civ. P. 26(b)(1) (each party generally has the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

But at bottom, "[v]irtually *all* evidence is prejudicial to one party or another," because "[r]elevant evidence is inherently prejudicial." *See Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 53 Fed. R. Evid. Serv. 611 (2d Cir. 2000); *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). Plaintiff is free to argue that prejudice warrants exclusion at trial, but that argument is not relevant for *this* Motion.

**3. CVS timely sought discovery relevant to this issue during the discovery period, and did not exhibit a lack of diligence.** CVS served RFPs seeking evidence of Plaintiff's additional sources of income, early in discovery. Had Plaintiff timely provided *any* documentation related to SSDI Benefits, CVS would have had sufficient opportunity to pursue additional documents and information. Unfortunately, CVS did not receive evidence of Plaintiff's receipt of SSDI Benefits until the final day of discovery. (Jones Decl. ¶ 6, Ex. D.) Notwithstanding that discovery was closed, CVS sought supplemental disclosure from Plaintiff (*id.* ¶ 9,), and when that was unsuccessful, went directly to the SSA by serving a document subpoena (*id.* ¶ 14, Ex. H.) Given that this issue was not meaningfully disclosed until the absolute last day of fact discovery, there can be little question that CVS acted diligently under the circumstances. As the Eastern District has recently found,

the delayed production of documents in the discovery process, even if not technically late, can support good cause to amend a discovery order. *Growers v. El Dorado Orchards, Inc.*, No. 2:17*cv-02085-TLN-CKD, 2022 WL 3578616, at *2 (Aug. 19, 2022 E.D. Cal.) (no lack of diligence found where, *inter alia*, delayed production of documents prevented defendant from timely completing depositions).

CVS's discovery efforts were competent and diligent. It was the timing of the of Plaintiff's disclosure of SSDI benefits, and *not* a lack of diligence by CVS, which necessitated this Motion.

**4. It was not reasonably foreseeable that the limited discovery sought via this Motion would be required.** On the last day of discovery, CVS learned—for the first time—that Plaintiff had applied for, and obtained, SSDI Benefits. (Jones Decl., Ex. D.) The SSDI Benefits verification letter which communicated this new information was produced in response to a Request for Production No. 14, which had been outstanding for over a year. (*Id*., Exs. A & B.) Given the absence of SSDI Benefits documents in Plaintiff's production combined with Plaintiff's ongoing insistence throughout this litigation that she had been ready, willing, and *physically able* to work since 2018, it was not unreasonable for CVS to conclude that Plaintiff has not sought (and was not receiving) SSDI Benefits.

In an effort to prevent CVS from obtaining the SSDI Benefits information, Plaintiff attempts to argue that was "on notice" that Plaintiff was *thinking about* applying for benefits. But the very evidence relied on by Plaintiff belies and undermines her argument.

First, Plaintiff points to a passing statement made in her deposition, in response to a question regarding her pursuit of a worker's compensation claim, that: "[w]ell, at that time I didn't know. I was actually looking in to see what the possibilities were to – if I would be eligible for social security disability. I didn't know my options at that time." (Decl. of Darius Gleason in Support of Supp. Br. (Dkt. No. 117) ("Gleason Supp. Decl."), ¶ 2, Ex. A at 16:2-5.) Nothing in Plaintiff's

statement indicated that she ultimately pursued SSDI benefits, let alone received them.

Second, the rebuttal expert report on which Plaintiff relies is similarly unhelpful. The two references to Plaintiff's SSDI benefits to which Plaintiffs refers, (Supp. Br. at 5:21-22), read as follows: "We do not have the amounts received by Ms. Brazelton for SSD income and is therefore not included in this analysis . . ." and "Ms. Brazelton, if due economic damages . . . is $387,961 [sic] reduced by the amount of SSD income." (Gleason Supp. Decl. ¶ 3, Ex. B at p. 6 of report.) Again, the report falls short of confirming that Plaintiff received SSDI Benefits, let alone the amount or duration of any such benefits. And even if this rebuttal report arguably indicated Plaintiff was in receipt of SSDI Benefits (it does not), the report was provided to CVS on March 28, 2022 (id.), much too late for CVS to propound additional discovery requests prior to the April 11, 2022, close of fact discovery.

The fact is, Plaintiff's reliance on these passing references cannot excuse her legal obligation to both produce documents related to her receipt of SSDI Benefits and/or disclose if those materials have been lost or destroyed. Plaintiff's obligation to produce these materials is clear: she admits, as she must, that Request No. 14 in Defendant's Requests for Production of Documents seeks "ALL DOCUMENTS that show any sources of income that you have received [] since March 22, 2019," (Gleason Supp. Decl. ¶ 6, Ex. D at 7), and would require the production of evidence of SSDI benefits she received. (Supp. Br. at 6:11-12.) Still, Plaintiff wants the Court to accept that her production of a single page of a multiple-page letter from the SSA on the discovery cutoff date satisfied this request. (Id. at 6:13-14.)

In short, there is little question that Plaintiff's receipt of SSDI benefits for the past three and a half years was never clearly disclosed during fact discovery, and Plaintiff cannot be permitted to rely upon these prior inadequate disclosures to lay blame with CVS for the current state of the discovery record.

**5. SSDI Benefits information is highly likely to lead to the discovery of**

**relevant evidence.** Finally, there is a strong likelihood that the requested discovery will lead to relevant evidence because Plaintiff's receipt of SSDI Benefits may lead to the exclusion of certain evidence and claims from trial, lead to the discovery of impeachment evidence, and impact Plaintiff's claims for front pay and back pay. Courts favor permissive discovery on significant matters to a case. *See Soto v. City of Sacramento*, No. 2:19-cv-00910-TLN-DB, 2021 WL 2402524, at * (E.D. Cal. June 11, 2021) (Motion to reopen discovery granted where discovery sought was "significant to Plaintiff's claims"); *see also Landes v. Skil Power Tools*, No. 2:12-cv-01252-MCE-KJN, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 20, 2013) ("A scheduling order which results in the exclusion of evidence is a drastic sanction.") (quoting *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (internal quotation marks and ellipses omitted). Here, the high likelihood that the requested discovery will lead to evidence critical to CVS's defenses militates strongly in favor of modifying the scheduling order.

## IV. CONCLUSION

For the foregoing reasons, CVS respectfully requests that the Court grant the present motion and (1) reopen discovery for the limited purpose of obtaining information and documents related to Plaintiff's application for, and receipt of, SSDI Benefits; (2) order Plaintiff to provide CVS the name of her SSA attorney; and (3) order Plaintiff to execute the SSA's required acknowledgment to release records related to her SSA application.

DATED: October 3, 2022   PAYNE & FEARS LLP

By: */s/ Leilani E. Jones*
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

4885-0937-7590.2

-11-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES